[Civ. No. 21139. First Dist., Div. Two. Dec. 17, 1963.]

KATHERINE FERRARIS, Plaintiff and Appellant, v. RAYMOND LEVY et al., Defendants and Respondents.

Vincent Hallinan for Plaintiff and Appellant.

Raymond Levy, in pro. per., and Ernest J. Hill, Truman S. Waterman for Defendants and Respondents.

TAYLOR, J.—The plaintiff appeals from a judgment of dismissal sustaining the defendants' general demurrer to her complaint for malicious prosecution, without leave to amend. The sole question is whether the complaint sets forth sufficient facts to state a cause of action.

The complaint alleged that the plaintiff, Katherine Ferraris, was engaged in litigation concerning the possession of certain property with the defendants, William Eastland and his attorney, Raymond Levy. William Eastland is the nephew of plaintiff's deceased transferor, Edna Black, as well as the conservator and executor of the decedent's estate. The plaintiff alleged that with malice and without probable cause, the defendants instituted several judicial proceedings which were all terminated in the plaintiff's favor: the first cause of action stated that the defendants procured the District Attorney of San Francisco to issue a citation for petty theft and malicious mischief; the second, that the defendants procured from the Postmaster of San Francisco an order to show cause why the plaintiff should not be prosecuted for the destruction and concealment of another's [Edna Black's] mail; the third, that the defendants filed an affidavit pursuant to section 613 of the Probate Code and obtained an order requiring the plaintiff to appear and show cause why she should not be held in contempt. The order sustaining the demurrer took judicial notice of the other proceedings pending between the parties, i.e., probate proceeding No. 158619 (the conservatorship of the Estate of Edna Black), No. 158817 (Eastland's petition for letters testamentary), and civil proceeding No. 514096 (Eastland's petition to quiet title to the disputed property awaiting jury trial).

The necessary elements of an action for malicious prosecution are: (1) a judicial proceeding favorably terminated; (2) lack of probable cause; and (3) malice (*Jaffe* v. *Stone*, 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]).

We turn first to the third cause of action, as we find

it meritorious. Section 613 of the Probate Code provides that upon complaint of the executor or other person interested in the estate of a decedent that any person has concealed or fraudulently disposed of or has any knowledge of any property of the decedent, the court may cite the suspected person to appear and examine him on oath. If the accused person fails to appear, the court has power to order imprisonment for contempt (*McCarthy* v. *Superior Court*, 64 Cal.App.2d 468 [149 P.2d 55]; Prob. Code, §§ 614, 615). The complaint alleged that the defendants' affidavit charged the plaintiff with violating certain nonexistent orders relating to the disputed property and that the plaintiff was duly cited and appeared. There can be no question that this was a judicial proceeding.

The next question, therefore, is whether the plaintiff has met her burden of pleading sufficient facts to show favorable termination, lack of probable cause and malice. The defendants argue that the element of favorable termination has not been established as the contempt proceeding before the probate court was terminated because that court was without jurisdiction. There was a quiet title action pending between the parties concerning the property in controversy which would raise the jurisdictional question (*McCarthy* v. *Superior Court, supra*), and defendants are correct in urging that favorable termination implies a termination consistent with the plaintiff's innocence rather than for technical reasons (*Jaffe* v. *Stone, supra*, at p. 150). However, there is nothing in the record to show that lack of jurisdiction was the reason given by the court for the dismissal. ▮ Furthermore, the defendants are not in a good position to raise this issue, as they themselves sought the jurisdiction of the court by instituting the contempt proceedings.

The plaintiff next contends that since a demurrer may not be supported by allegations in pleadings outside the complaint (Code Civ. Proc., §§ 430, 433), the court erred in taking judicial notice of the other proceedings pending between the parties. To further the principle of truthful pleading, facts not alleged but judicially noticed may render defective a complaint good on its face (*Byrne* v. *Harvey*, 211 Cal.App.2d 92, 108 [27 Cal.Rptr. 110]; 2 Witkin, Cal. Procedure, Pleading, § 208, p. 1185).

Defendants further argue that the facts judicially noticed here show that the plaintiff has failed to establish their lack of probable cause and malice as to the third cause of action.

We cannot agree. ■ A demurrer calls only for the determination of an issue of law (Code Civ. Proc., §§ 588-591; *O'Day* v. *Superior Court*, 18 Cal.2d 540 [116 P.2d 621]). ■ Thus, the facts judicially noted under the rule stated above must be such that the plaintiff's failure to state a cause of action is established as a matter of law. This is not such a case. ■ The mere fact that the defendants are the executor and attorney for the estate of Edna Black does not, as a matter of law, preclude liability for malicious prosecution (cf. *Warner* v. *Roadshow Attractions Co.*, 56 Cal.App.2d 1 [132 P.2d 35]). Defendants concede that whether or not the plaintiff may recover on her third cause of action depends on controverted issues of fact yet to be determined in the quiet title action. ■ It follows that the third cause of action of the complaint sets forth sufficient facts to state a cause of action.

■ In view of the above conclusion, we can summarily dispose of the contentions concerning the first two causes of action. The complaint on its face indicates that both the district attorney and the postmaster refused to institute any proceedings against the plaintiff. The plaintiff argues that the alleged appearances before the district attorney and postmaster were administrative proceedings properly the subject of an action for malicious prosecution under the rule of sections 653, 654 and 680 of the Restatement of Torts, as adopted in *Hardy* v. *Vial*, 48 Cal.2d 577 [311 P.2d 494]. There is no merit in this argument as it is well settled that for the purposes of section 654 of the Restatement of Torts, criminal proceedings are not instituted unless and until the warrant or summons is issued (*Centers* v. *Dollar Markets*, 99 Cal. App.2d 534 [222 P.2d 13]; *Gogue* v. *MacDonald*, 35 Cal.2d 482 [218 P.2d 542, 21 A.L.R.2d 639]).

The judgment is affirmed as to the first and second causes of action and reversed as to the third cause of action.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied January 3, 1964.