[Civ. No. 8429.   Fourth Dist., Div. One.   Feb. 27, 1967.]

JOHN A. WEBB, Plaintiff and Appellant, v. WILLIAM T. YOUMANS et al., Defendants and Respondents.

John A. Webb, in pro. per., for Plaintiff and Appellant.

Jacobs, Jacobs, Nelson & Witmer and M. Lyle Nelson for Defendants and Respondents.

FINLEY, J. pro tem.*—Appeal from the judgment of dismissal entered when plaintiff failed to amend his complaint after demurrer was sustained with leave to amend.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

852

Appellant John A. Webb, an attorney acting in propria persona, filed this action against William T. Youmans, Florence R. Youmans and Norman E. Caldwell, their attorney, seeking damages for alleged malicious prosecution.

Origin of the claim is an action filed in Orange County by the Youmans with Caldwell as their attorney against appellant Webb as a party defendant. In the complaint, Webb was charged with entering Youmans' premises by kicking in doors, removing glass and by otherwise damaging their property and placing trash and debris on their real property. The Youmans obtained a preliminary injunction and were apparently aggressive in seeking its enforcement with threats of prosecution for its violation. This injunction was issued on January 3, 1963, and on March 22, 1963, was quashed as a void order. Why it was found to be void does not appear. On February 14, 1964, the action was dismissed with prejudice. No appeal was taken and the judgment of dismissal became final.

The complaint in the present action was filed in Los Angeles County on August 13, 1964. On November 4, 1964, a demurrer was filed on behalf of the Youmans by the attorneys representing them on this appeal. On December 10, 1964, a demurrer was filed on behalf of Caldwell by attorney Donald A. Ruston acting for the firm of Tuller, Ruston and Perez. A motion for change of venue was filed on behalf of the Youmans and on November 17, 1964, the court made its order transferring the case to Orange County where, on August 27, 1965, both demurrers were sustained on the ground of uncertainty with 15 days to amend. On August 30, 1965, and on September 23, 1965, notices of the ruling on both demurrers were filed together with proof of service by mail on both plaintiff Webb and Donald A. Ruston, attorney for Caldwell. The complaint was not amended and on October 13, 1965, a motion to dismiss the complaint was filed on behalf of the Youmans. On October 28, 1965, Webb filed a motion for reconsideration of the demurrers, and on October 29, 1965, all the noticed motions were heard. Caldwell having died in the meantime, a motion to dismiss as to him with waiver of costs was granted. The other motions were apparently taken under advisement and on November 3, 1965, an order was made denying Webb's motion to reconsider and dismissing the action as to all defendants.

Both demurrers rest upon the general ground that the complaint does not state facts sufficient to constitute a cause

of action and upon the special grounds of uncertainty and ambiguity. The Caldwell demurrer added to these the ground of unintelligibility.

In his closing brief, appellant submits that the instant action is moot as to Caldwell. Respondents Youmans contend the demurrers were properly sustained for the following reasons:

The complaint does not set forth facts: (1) showing that the termination of the earlier action was favorable to appellant; (2) clearly showing that an order of the court favorable to respondent was procured by fraud; and (3) clearly showing the nature of the claimed injury to appellant's credit, neglect of his business and personal affairs, and the pain sustained by him.

One of the essential elements of a cause of action for malicious prosecution is that the complaint set forth allegations of ultimate fact necessary to a finding that the offending action was terminated favorably to defendants. (*Roos* v. *Harris,* 203 Cal. 201 [263 P. 225]; *Jaffe* v. *Stone,* 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775].) This does not encompass termination resulting from negotiation, settlement or consent. In the complaint it is alleged that: ". . . the . . . Orange County Superior Court did quash the above mentioned preliminary injunction as a void order.

"That thereafter the Defendants and each of them did dismiss said civil action No. 109175 as to all parties Defendant therein including Plaintiff herein."

Respondents contend that these allegations do not raise a presumption or necessarily imply a termination of the former action favorable to appellant. From the above and other allegations, it seems fairly clear that the court, in quashing the injunction as a void order, acted apart from any concurrence among the parties. It is not so abundantly clear what brought about the dismissal of the action. So far as the complaint herein shows, it could have resulted from agreement, stipulation or consent as well as from surrender or decision by plaintiffs that the action lacked merit. While there seems to have developed no well-defined rule concerning allegations of negation, we are not prepared to say that they are in all cases unnecessary where uncertainty worthy of recognition results from the positive allegations questioned by demurrer.

In *Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 150-152, the court quotes with approval the following language from *Halber-*

*stadt* v. *New York Life Ins. Co.,* 194 N.Y. 1 [86 N.E. 801, 16 Ann.Cas. 1102, 21 L.R.A. (N.S.) 293]: "The other and reverse rule is that, where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action." [Malicious prosecution.]

The *Jaffe* and *Halberstadt* cases involved malicious criminal prosecutions. We note however the following statement in Cal.Jur.2d concerning actions founded upon malicious civil actions: "It is settled in this state, however, that the action may be predicated on civil process as well, though conditions warranting recovery may differ in some degree." (32 Cal. Jur.2d § 3, p. 37; *Vesper* v. *Crane Co.,* 165 Cal. 36 [130 P. 876, L.R.A. 1915A 541].) The question whether there had been a settlement between the parties or consent to dismissal or acquiescence would be a factor to be considered in differentiating a malicious prosecution pleading based upon misuse of civil process from a pleading based upon misuse of criminal process. In the criminal action, "the People," not the complaining witness, assume the role of plaintiff, and there can be no question of favorable determination based upon negotiation, consent, acquiescence or settlement as between the complaining witness and the accused.

As respondents point out, the setting aside of the preliminary injunction as a void order did not constitute a final determination of the action. No information appears as to why the order was void. Even assuming the sufficiency of such an allegation, the complaint contains no allegation that subsequent dismissal of the action constituted a termination thereof favorable to plaintiff. Standing alone, an allegation that all proceedings terminated favorably to plaintiff would be a mere conclusion and insufficient to satisfy requirements of pleading on the point where placed in issue by general and special demurrer. (*Prentice* v. *Bertken,* 50 Cal.App.2d 344 [123 P.2d 96].)

No facts are alleged from which a definite conclusion on the point may be drawn. While the allegation that "the Defendants and each of them did dismiss said civil action No. 109175 as to all parties Defendant therein including plaintiff herein" might be considered as raising an inference of termination favorable to appellant, the trial court in the exercise of

its discretion was entitled to require that this fact appear by clear allegation rather than questionable inference.

Other particulars in which it is claimed the complaint is subject to amendment where questioned by demurrer are discussed in the briefs. These particulars are set forth above. We are in agreement with respondents that the complaint is vulnerable to demurrer in all the particulars listed. Since judgment of the trial court must be affirmed if the order sustaining the demurrers with leave to amend be valid on any one ground, we deem it unnecessary to specifically discuss the remaining points.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.