**James E. PLOUGH, Petitioner-Appellant,**

v.

**H. V. FIELDS, Superintendent, Respondent-Appellee.**

No. 23251.

United States Court of Appeals, Ninth Circuit.

March 4, 1970.

Carl E. Stewart (argued), Hollywood, Cal., for petitioner-appellant.

Mark L. Christiansen (argued), Stanton J. Price, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., State of California, Los Angeles, Cal., for respondent-appellee.

Before BROWNING, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge.

In spite of its title, this case does not involve the age old struggle of mankind to wrest a living from the soil; it does involve a problem that is coming before the courts more and more frequently, an attack by a prisoner upon the validity of his guilty plea.

Plough is a California state prisoner; Fields is his keeper. Plough was charged with three felonies, robbery (Cal.Pen.C. § 211), grand theft, (*id.* § 487, subdivision 3), and burglary from an automobile (*id.* § 459). He was also charged with a prior felony conviction. His case was called for arraignment at about 9 o'clock in the morning, at which time the public defender was appointed to defend him. The matter was then passed until 11:45 A.M., when Plough pled guilty to the robbery charge. Disposition of the other counts and of the charge of prior felony was postponed until sentencing. At sentencing the other two counts were dismissed, the court found the charge of prior felony not sufficiently proved, and Plough was sentenced on the robbery charge to the indeterminate term prescribed by law, one year to life.

825

In his petition for a writ of habeas corpus, Plough does not assert innocence, but does assert two other principal grounds for relief; first, that he had been promised that if he pled guilty to the robbery charge he would be sentenced to one year in the County Jail, followed by three years probation, and second, that he had inadequate assistance of counsel. The District Court held a hearing, at which Plough and the three members of the public defender's staff who were involved testified. The trial judge found, upon ample evidence, that no such promise was made, that Plough had adequate assistance of counsel, and that his plea had been freely and voluntarily entered with knowledge of the charge and the consequences of the plea. These findings are fully supported by the record.

Affirmed.