[No. B010792. Second Dist., Div. One. June 26, 1986.]

JEFFREY B. CHAUNCEY, Plaintiff and Appellant, v.
JUDITH A. NIEMS et al., Defendants and Respondents.

968

**COUNSEL**

Stuart E. Berman for Plaintiff and Appellant.

Norman Edell, in pro. per., Karen & Edell, Neiman, Billet, Albala & Levine and Patricia M. Wolfe for Defendants and Respondents.

**OPINION**

**HANSON (Thaxton), J.—**

### BACKGROUND

On February 25, 1982, the court entered an interlocutory judgment of dissolution of an 18-year marriage between Jeffrey B. and Judith A. Chauncey. The final judgment of dissolution followed on April 30, 1982. The interlocutory judgment had incorporated a marital termination agreement setting forth the parties' rights and duties.

On February 24, 1983, Judith, now called Judith Niems (Niems), applied for an order to show cause and declaration for contempt, and an order to show cause for modification of child and spousal support awards.

Before September 14, 1983, the parties had resolved all the claims in the order to show cause and declaration for contempt, and all but two issues in the order to show cause for modification. The superior court held two days of hearings before denying Niems' request for increased child support. Its December 20, 1983, statement of decision found that Chauncey was the prevailing party, and ordered Niems to pay $7,500 to Chauncey's attorney for his services rendered in this matter.

On March 30, 1984, Jeffrey B. Chauncey (plaintiff and/or Chauncey) filed a complaint consisting of three causes of action—two for malicious prosecution, and one for intentional infliction of mental distress. The complaint named his former wife, Judith A. Niems (defendant and/or Niems), her attorney, Norman Edell, and Karen and Edell, a partnership, as defendants (collectively, Edell). On July 11, 1984, the trial court sustained the defendants' demurrers with leave to amend. Chauncey filed a first amended complaint for the same three causes of action against these defendants on August 8, 1984, to which they again demurred.

On October 25, 1984, the trial court sustained the demurrers to all causes of action in the first amended complaint without leave to amend. The court granted orders of dismissal as to defendant Niems on November 30, 1984, and as to defendants Edell collectively on January 9, 1985.

On January 23, 1985, Chauncey filed a timely notice of appeal.

## Appealability of the Trial Court's Order

■ The plaintiff, Chauncey, appeals from two "orders of dismissal." Code of Civil Procedure section 581d, states: "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and such orders when so filed shall constitute judgments and be effective for all purposes. . . ." This language implies that such purposes include appeal from such an order of dismissal, and that such an order constitutes a judgment for purposes of California Code of Civil Procedure section 904.1. In any case, the trial court dismissed the actions against defendants "with prejudice," and as such the orders became "a final determination of the matter in difference between the parties in the particular proceeding in which it was rendered." (*Orton* v. *Daigler* (1932) 120 Cal.App. 448, 450 [8 P.2d 161].) For these reasons, the appeal from the orders of dismissal lies.

## Standard of Review on Appeal

A demurrer tests the legal sufficiency of a complaint. In evaluating a demurrer sustained by a trial court, an appellate court accepts plaintiff's facts properly pleaded in the complaint as true, but "it does not admit contentions, deductions or conclusions of fact or law alleged therein." (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732]; *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)

## The First Amended Complaint

### The First Cause of Action—Malicious Prosecution for Order to Show Cause Re Contempt

The first cause of action, for malicious prosecution, was based on the order to show cause re contempt filed February 24, 1983, which in turn was based upon an October 6, 1981, property settlement agreement which the final decree of dissolution had incorporated. It alleged that Niems consulted with Edell and that they eventually filed an order to show cause and declaration re contempt; that the defendants dismissed that order to show cause re contempt voluntarily, with prejudice, and not pursuant to any settlement or negotiation; that Edell prosecuted that contempt proceeding, and that both defendants acted without probable cause; that both defendants withheld facts which would have shown that their allegations created a false picture to the court; and that as a matter of law certain items were not enforceable by contempt. The complaint listed a variety of expenses at issue

and outlined Chauncey's allegations as to how the disputes about those expenses had been resolved.

Chauncey further alleged in the first cause of action that defendant Edell served the order to show cause re contempt without investigating the information Chauncey gave him about the disputed expenses; and that Edell served 86 interrogatories upon him which he (Chauncey) characterized as without relevance, served for harassment and not for purposes of legitimate discovery. Chauncey also listed several items of damages, including punitive damages, totaling $514,000.

### THE SECOND CAUSE OF ACTION FOR MALICIOUS PROSECUTION FOR ORDER TO SHOW CAUSE RE MODIFICATION

Chauncey's second cause of action, also for malicious prosecution, alleged that the defendants filed an order to show cause re modification on February 24, 1983, which asked for the following: for modification of child visitation, child and spousal support, and an award of reasonable attorneys' fees and costs; for modification, mutual restraining orders, and execution of documents carrying out the interlocutory judgment; for payment to be made in a timely manner under the interlocutory judgment; and for division of an additional community debt. The complaint further alleged that the parties agreed to settle the child visitation dispute, about which settlement the conciliation court issued an order; that after a hearing on September 13–16, 1983, the trial court dismissed the order to show cause re modification as to the matters defendants sought; that defendants acted without probable cause in prosecuting this action; that they lacked an honest and reasonable belief about the grounds for the action; that they knew certain items of the action were unenforceable as a matter of law; and that they failed to investigate the grounds for the action.

The second cause of action also alleged that the defendants acted maliciously in bringing the action, for the purposes of harassing him before his impending remarriage and of providing a forum in which to avail themselves of discovery so as to enable them to seize a 75 percent interest in allegedly undisclosed property without facts to support such discovery; and that Edell prosecuted the action to generate fees for himself and his partnership. At the conclusion of the pleading of the second cause of action, Chauncey alleged damages, including punitive damages, of $518,500.

### THE THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS

Chauncey's third cause of action, for intentional infliction of mental distress, alleged that the defendants filed the two orders to show cause and

served lengthy interrogatories knowing they alleged false and fraudulent facts to mislead Chauncey and the court, and harass and inflict emotional distress upon Chauncey; that the defendants' behavior proximately caused him emotional distress; that he became upset, nervous, anxious, and unable to function normally in handling his business affairs; and that it affected his emotional relationship with family and friends. Chauncey sought damages, including punitive damages, in the sum of $700,000.

DISCUSSION

RE FIRST AND SECOND CAUSES OF ACTION FOR MALICIOUS PROSECUTION

The plaintiff in an action for malicious prosecution must show 1) the institution of an earlier action, 2) that it ended in his favor, 3) that it was brought with malice, but 4) without probable cause, and 5) that the plaintiff suffered legally compensable harm. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Harbor Ins. Co.* v. *Central National Ins. Co.* (1985) 165 Cal.App.3d 1029, 1036 [211 Cal.Rptr. 902].)

■ The instant case poses a fundamental question concerning the first of these five essential elements. Are an order to show cause and declaration for contempt, and an order to show cause re modification, "actions" upon which a plaintiff can later base a suit for malicious prosecution?

Institution of a special insanity proceeding (*Sutherland* v. *Palme* (1949) 93 Cal.App.2d 307 [208 P.2d 1035]), a cross-complaint (*Bertero* v. *National General Corp.*, *supra*, 13 Cal.3d 43), filing a will contest in connection with probate proceedings (*MacDonald* v. *Joslyn* (1969) 275 Cal.App.2d 282 [79 Cal.Rptr. 707, 35 A.L.R.3d 641]), administrative proceedings (*Brody* v. *Montalbano* (1978) 87 Cal.App.3d 725 [151 Cal.Rptr. 206], cert. den. *Brody* v. *Montalbano* (1979) 444 U.S. 844 [62 L.Ed.2d 57, 100 S.Ct. 87]; *Von Brimer* v. *Whirlpool Corp.* (9th Cir. 1976) 536 F.2d 838; *Hardy* v. *Vial* (1957) 48 Cal.2d 577 [311 P.2d 494, 66 A.L.R.2d 739]), judicial arbitration (*Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460 [181 Cal.Rptr. 878]), a petition for administrative mandate (*Sierra Club* v. *Superior Court* (1985) 168 Cal.App.3d 1138 [214 Cal.Rptr. 740]), or a lis pendens (*Woodcourt II Ltd.* v.*McDonald Co.* (1981) 119 Cal.App.3d 245 [173 Cal.Rptr. 836]) may constitute a suitable basis for a malicious prosecution action.

On the other hand, an action in small claims court (*Pace* v. *Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476 [161 Cal.Rptr. 662]; *Cooper* v. *Pirelli Cable Corp.* (1984) 160 Cal.App.3d 294 [206 Cal.Rptr. 581]), a request for admissions (*Twyford* v. *Twyford* (1976) 63 Cal.App.3d 916 [134

Cal.Rptr. 145]), or a departmental investigation of a police officer where no formal proceedings occurred (*Imig* v. *Ferrer* (1977) 70 Cal.App.3d 48 [138 Cal.Rptr. 540]) will not support a malicious prosecution complaint.

These cases indicate that the tort does not automatically extend to all claims or procedures, even if maliciously instituted.

In *Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, the court concluded that allowing malicious prosecution actions based on small claims court proceedings would frustrate the Legislature's intent to provide an expeditious, informal resolution of small disputes. It would also force prospective claimants to seek legal advice before coming into court, thus injecting an attorney into a claims procedure originally contemplated to be free of lawyers. (*Pace* v. *Hillcrest Motors, Inc., supra,* 101 Cal.App.3d 476, 479; accord *Cooper* v. *Pirelli Cable Corp., supra,* 160 Cal.App.3d 294.)

In *Imig* v. *Ferrar, supra,* 70 Cal.App.3d 48, the court held that a plaintiff could recover for malicious prosecution based upon an administrative proceeding, but not if nothing more than a police department investigation occurred. The plaintiff in *Imig,* a police officer, sued a defendant who had earlier filed formal charges accusing the plaintiff of profanity, brutality, and conduct unbecoming an officer. A departmental investigation later found the accusations groundless. The court determined that because the investigation ended at a preliminary stage, and did not lead the official agency to initiate formal proceedings, the plaintiff suffered no harm a malicious prosecution suit could remedy. (*Id.,* at pp. 58-59; accord *Ferraris* v. *Levy* (1963) 223 Cal.App.2d 408, 412 [36 Cal.Rptr. 30].)

In *Twyford* v. *Twyford, supra,* 63 Cal.App.3d 916, a wife filed a "request for admissions" after the final decree of dissolution as part of her attempt to have her former husband held in contempt for his alleged failure to pay attorney fees, spousal support, and sums of money. Before the contempt hearing, the wife's attorneys informed the court that the amounts had been paid, dropped the contempt motion, and did not pursue the request for admissions. The trial court removed the latter two items from its calendar.

On appeal, the *Twyford* court found that a malicious prosecution tort would lie in "ancillary civil proceedings." In deciding whether to include a "request for admissions" in that category, the court focused on several factors. The court asked whether the alleged malicious prosecution involved a "separate proceeding," whether that proceeding had an "independent existence" not dependent upon other proceedings for prosecution, or whether

it had the earmarks of an adversarial proceeding (such as the right to a jury trial). (*Id.*, at pp. 921-922.)

Two other elements affected the *Twyford* court's inquiry. "The expense and psychological trauma of being sued is certainly greater than being served with a request for admissions. In contrast to the time required to defend a complaint, cross-complaint, etc., attorney time required to respond to a request for admissions is quite minimal." (*Id.*, at p. 922.) The *Twyford* court concluded that because a request for admissions fell short of these criteria, it would not support a malicious prosecution complaint. (*Id.*, at p. 922.)

Here, defendant Edell points to *Donald J.* v. *Evna M.* (1978) 81 Cal.App.3d 929, 933-934 [147 Cal.Rptr. 15], to demonstrate how an order to show cause resembles a notice of motion instead of a separate independent action. "A motion is distinguishable from the more formal application for relief by petition or complaint. [Citation.] A motion is not an independent right or remedy; it is confined to incidental matters in the progress of a cause. A motion relates to some question that is collateral to the main object of the action and is connected with and dependent upon the principal remedy. [Citation.]"

In *Donald J.*, however, the plaintiff filed an order to show cause seeking clarification of his right to visit his daughter, after an earlier order filed in plaintiff's declaratory relief action. The quotation cited addressed the form the plaintiff used to present his request, and explained why it was inappropriate. "It cannot be seriously disputed that plaintiff's requests for a determination of paternity, a change of [the daughter's] surname and a correction of the child's birth certificate should have been raised in a formal complaint separate and independent of the order to show cause for a clarification of visitation rights." (*Id.*, at p. 934.) *Donald J.* did not arise in a malicious prosecution or other context that makes it controlling or even helpful in resolving the matter at bench.

Unlike a request for admissions, an order to show cause re contempt (the basis of the first cause of action) exposed the plaintiff Chauncey to criminal sanctions (Code Civ. Proc., § 1218), as the February 21, 1983, order, filed in accordance with California Rules of Court, rule 1285.60, clearly stated. Evaluated realistically, the order thus required Chauncey to retain counsel, appear in court, and respond to lengthy interrogatories. While the order may or may not have had an "independent existence," it nonetheless bore the indisputable earmarks of an adversarial proceeding. Most significantly, it incurred expenses, provoked psychological trauma, and required expenditure of time and effort to defend fully sufficient for us to find it the sort

of proceeding upon which plaintiff could base a malicious prosecution action. (*Twyford* v. *Twyford, supra,* 63 Cal.App.3d 916, 922.)

While the order to show cause re modification (the basis of the second cause of action) did not threaten plaintiff Chauncey with criminal penalties, it did require him to appear in court to give any legal reason why the court should not grant the relief defendant Niems requested. That relief involved modification of plaintiff Chauncey's parental rights, and moreover affected the child and spousal support the law would require him to pay. When we apply the analysis in *Twyford* to this proceeding, it too seems a sufficient basis for a malicious prosecution action.

■ Plaintiff also alleges in his first amended complaint that defendants, on August 9, 1983, dismissed the order to show cause re contempt with prejudice, and not pursuant to any settlement or negotiation; that the parties agreed to settle the child visitation dispute in the order to show cause re modification; that the conciliation court issued an order on that matter; and that, after a hearing, the trial court dismissed this order to show cause as to all matters defendants sought.

Do these allegations satisfy the second requirement of a malicious prosecution action, i.e., that the prior action terminated in a manner favorable to the plaintiff?

In *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775], the court explains the policy underlying this issue. Not only must the court have dismissed the action, it must have done so in a way, and after sufficiently detailed and substantive proceedings, that its dismissal exculpated the defendant. After a complete trial on the merits, an acquittal or judgment for the defendant ordinarily satisfies this requirement. But where the action ends before a trial, the court must examine the character and quality of the proceedings that occurred. "If [the dismissal] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination."

The *Jaffe* opinion quoted *Halberstadt* v. *New York Life Ins. Co.* (1909) 194 N.Y. 1 [86 N.E. 801] with approval: "'. . . Where a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official, in any way involving the merits or propriety of the proceeding; or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution,—a foundation in this respect has been laid for an action of

malicious prosecution. The other and reverse rule is that, where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. . . . In one case the termination of the proceeding is of such a character as establishes or fairly implies, lack of a reasonable ground for his prosecution. In the other case no such implication reasonably follows.'" (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 151-152.)

Termination where it is not possible to infer guilt or innocence, favorability or unfavorability, does not satisfy this requirement. (*Webb* v. *Youmans* (1967) 248 Cal.App.2d 851, 854 [57 Cal.Rptr. 11]: setting aside of a preliminary injunction as a void order not a favorable conclusion where pleading does not allege facts which allow any conclusion; *Ferraris* v. *Levy, supra,* 223 Cal.App.2d 408, 411: dismissal for lack of jurisdiction would not reflect any conclusion about the merits; *Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 184-185 [156 Cal.Rptr. 745]: "[W]hen a dismissal results from negotiation, settlement, or consent, a favorable termination is normally not recognized. [Citation.] Under these latter circumstances, the dismissal reflects ambiguously on the merits of the action"; *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 751 [159 Cal.Rptr. 693, 602 P.2d 393]: judgment based on statute of limitations not a favorable termination for purposes of a malicious prosecution action; *Asia Investment Co.* v. *Borowski* (1982) 133 Cal.App.3d 832, 837-839 [184 Cal.Rptr. 317, 30 A.L.R.4th 561]: denial of petition for writ of mandate on grounds of laches does not represent a favorable determination.)

Moreover, "[i]n actions for malicious prosecution it must be alleged that the prosecution is at an end either by alleging that defendant was acquitted of the charge or by alleging facts showing the legal termination of the prosecution complained of in favor of defendant prior to the commencement of the action. [Citations.]" (*Prentice* v. *Bertken* (1942) 50 Cal.App.2d 344, 351 [123 P.2d 96].)

In the case at bench, the first amended complaint does not allege favorable termination of the prior action. It contains only the following recitals: that defendants voluntarily dismissed the order to show case re contempt with prejudice, and not pursuant to any settlement or negotiation with plaintiff; that the child visitation dispute was settled by mutual agreement, as contained in an order issued by the conciliation court; and that after a hearing the trial court dismissed the order to show cause re modification as to all matters sought by defendants, which dismissal has since become final.

As for the agreement settling the child visitation rights, that allegation provides an insufficient basis upon which to conclude in whose favor the order to show cause re modification was terminated. And while an allegation that the defendants voluntarily dismissed the order to show case re contempt "might be considered as raising an inference of termination favorable to appellant, the trial court in the exercise of its discretion was entitled to require that this fact appear by a clear allegation rather than questionable inference." (*Webb* v. *Youmans, supra,* 248 Cal.App.2d 851, 854-855.) Accordingly, we conclude that the trial court properly sustained the demurrer as to the first two causes of action for malicious prosecution because they fail to allege the second requirement for a malicious prosecution action.

■ We feel compelled to discuss the policy considerations regarding the third element of the malicious prosecution action—malice—and how they relate to the first two causes of action, as well as to the third cause of action for emotional distress.

"An action for malicious prosecution requires that the plaintiff plead and prove that the prior action was commenced with malice directed toward the plaintiff." (*Hogen* v. *Valley Hospital* (1983) 147 Cal.App.3d 119, 126-127 [195 Cal.Rptr. 5].) "Malice may be inferred from lack of probable cause." (*Pond* v. *Insurance Co. of North America* (1984) 151 Cal.App.3d 280, 288 [198 Cal.Rptr. 517].) "[A] recovery by the plaintiff in the original action is regarded as conclusive proof, in the absence of proof of fraud in obtaining the judgment, of the existence of probable cause. . . ." (*Cooper* v. *Pirelli Cable Corp., supra,* 160 Cal.App.3d 294, 300.)

The malicious prosecution action is a disfavored action (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 847 [92 Cal.Rptr. 179, 479 P.2d 379]), which means that the courts impose strict standards upon claims to extend liability based on this theory. (*Cooper* v. *Pirelli Cable Corp., supra,* 160 Cal.App.3d 294, 298.) Where someone reasonably believes that a civil wrong has been done or a crime committed, that person should be able to institute appropriate legal proceedings without having to contemplate the wisdom of bringing such wrongs or crimes to light. (*Norton* v. *John C. Marble Co.* (1939) 30 Cal.App.2d 451, 454 [86 P.2d 892].) Calculation of how much exposure to liability the institution of such complaints could create would tend to have a "chilling effect" upon meritorious complaints.

While there is admittedly a countervailing policy in favor of protecting the maliciously prosecuted victim (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 159), we believe that it is outweighed in the context of proceedings following the decree of marital dissolution.

Public policy places a high priority on enforcement of child support awards. The Legislature and the Judicial Council have expressed that policy by creating simplified methods for enforcing and modifying support awards. (Civ. Code, div. 4, pt. 5, Family Law Act, tit. 5, Support of Children, §§ 4700 et seq. and 4720 et seq.)

That the court may retain jurisdiction to modify or enforce support awards following the final decree of dissolution reinforces the policy of preserving access to the courts and to modification and enforcement mechanisms. Courts may even extend jurisdiction beyond the date on which an interlocutory decree stated it would end. (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459 [204 Cal.Rptr. 568, 683 P.2d 248].) Furthermore, "[f]lexibility in the administration of judgments which will affect the lives of the parties far into the future, especially after very lengthy marriages, is to be encouraged; in few other fields do the equities scream quite so loudly as they do in family law." (*In re Marriage of Benson* (1985) 171 Cal.App.3d 907, 913 [217 Cal.Rptr. 589].) While *Vomacka* and *Benson* specifically addressed jurisdiction to modify spousal support awards, the retention of jurisdiction demonstrated the court's willingness to provide a forum for such requests.

Thus, a strong policy favors access to the court in family law matters; the courts must remain open to claims seeking to modify or enforce spousal support or similar awards. On the other hand, the courts must scrutinize carefully a malicious prosecution action based on such a claim. If they did not, some parties with legitimate claims would be discouraged from coming into court.

To hear malicious prosecution claims in any but the most egregious cases would unduly encourage litigation of this sort. Unlimited access to a forum in which to litigate malicious prosecution claims based on marital dissolutions would clog the courts, and exacerbate and prolong what is ordinarily an acutely unhappy state of affairs. In the family law and marital dissolution context, malice requires a more convincing and more precise showing than a mere inference. In short, in our view, the element of malice should be assessed according to a high, strict standard.

In the case at bench, the defendant Niems (plaintiff in the original action) appears to have received a favorable determination on that part of her claim relating to visitation rights, thus eliminating the elements of want of probable cause and malice from the later malicious prosecution claim as regards the order to show cause re modification. As for the order to show cause re contempt, the plaintiff cites no definition of malice beyond stating that it may be inferred from lack of probable cause.

We perceive a vital distinction between the ill will, agitation, and indignation which may occur during or after dissolution, and the malice essential to a malicious prosecution action. In the marital dissolution context, the showing of malice in a malicious prosecution action must be convincing as to its egregiousness, and the scrutiny devoted to it by the courts minute. Although that high threshold may not be insurmountable, we find that the plaintiff's allegation of malice in the case at bench falls short of reaching it, and fails to survive such scrutiny.

We address now plaintiff's third cause of action, for emotional distress.

In such an action, the complaint must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." (*Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975].) In addition, "'[w]hether treated as an element of the prima facie case or as a matter of defense, it must also appear that the defendant's conduct was unprivileged.' [Citations omitted.] Conduct[,] to be outrageous[,] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." (*Id.,* at p. 593.)

California Civil Code section 47 privileges absolutely any publication made in a judicial proceeding. "[A]lthough the statutory privilege accorded to statements made in judicial proceedings appears in the code in the chapter on defamation, it applies to virtually all other causes of action, with the exception of malicious prosecution. [Citation.] Thus, the privilege will defeat claims of . . . intentional infliction of emotional distress. (*Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626, 640-641 [99 Cal.Rptr. 393].)" (*Ribas* v. *Clark* (1985) 38 Cal.3d 355, 364 [212 Cal.Rptr. 143, 696 P.2d 637].)

As we explained in *Brody* v. *Montalbano* (1978) 87 Cal.App.3d 725, 738 [151 Cal.Rptr. 206], "[u]nderlying the privilege conferred by Civil Code section 47 is the important public policy of affording the utmost freedom of access to the courts. (*Albertson* v. *Raboff, supra,* 46 Cal.2d 375, 380 [295 P.2d 405].) To allow plaintiff to proceed with a cause of action for intentional infliction of emotional distress would operate as a severe deterrent to communications otherwise protected and would thereby substantially defeat the purpose of the privilege."

For the reasons discussed heretofore in this opinion, this principle bears all the more force in the marital dissolution context. And where the complaint alleges publication by parties to a matter of litigation, of material closely

related to the litigation, to persons vitally interested in the litigation, the Civil Code section 47 privilege operates to bar an action for intentional infliction of emotional distress, whether the defendants be parties to a prior action or their counsel. (*Rosenthal* v. *Irell & Manella* (1982) 135 Cal.App.3d 121, 125, 128 [185 Cal.Rptr. 92]; *Twyford* v. *Twyford, supra,* 63 Cal.App.3d 916, 924-925.)[1]

We do not reach the remaining elements of the third cause of action and the sufficiency with which the first amended complaint did, or did not, allege them.

We affirm the trial court's ruling on the demurrer to the cause of action for intentional infliction of emotional distress.

Defendant Edell's request that this court assess damages against the plaintiff is denied. The appeal fell far short of constituting a basis for sanctions according to the criteria in the Code of Civil Procedure section 907.

## DISPOSITION

The judgment (order of dismissal) as to the defendants, and each of them, is affirmed.

Spencer, P. J., and Lucas, J., concurred.

---

[1]Civil Code section 47 does except pleadings or affidavits filed in an action for divorce from the privilege. It seems evident, however, that an order to show cause re contempt and an order to show cause re modification filed *after* a final decree of dissolution do not fall within the exception.