[Nos. B034231, B035094. Second Dist., Div. Four. May 31, 1989.]

LAWRENCE SILVER et al., Plaintiffs and Appellants, v. MARTIN A. GOLD et al., Defendants and Respondents.

**COUNSEL**

Lawrence Silver, in pro. per., and Lisa T. Sofferin for Plaintiffs and Appellants.

Robert D. Walker, in pro. per., Manns & Green, William Tortu and Delia Flores for Defendants and Respondents.

**OPINION**

**GEORGE, J.**—Despite its title, the case before us does not involve the relative merits of precious metals in the commodities market,[1] but instead whether an unsuccessful attempt to disqualify an attorney from further representation of a party to a civil suit may form the basis for an independent action for abuse of process and malicious prosecution.

---

[1] Cf. *Plough* v. *Fields* (9th Cir. 1970) 422 F.2d 824.

Attorney Lawrence Silver (in his own behalf)[2] filed a complaint for abuse of process and malicious prosecution against the defendant in an underlying civil action and the defendant's attorneys based upon their having filed a motion to disqualify Silver from representing the plaintiff in that underlying action. Silver appeals from the judgment of dismissal entered after an order sustaining a demurrer to his first amended complaint without leave to amend.

Following the dismissal, respondents sought to recover their costs. Silver filed a motion to tax costs, which the court denied. The court imposed sanctions upon Silver for having brought a frivolous motion. Silver also appeals from that order.[3] We consolidated the appeals. For the reasons that follow, we affirm the judgment of dismissal and the order denying the motion to tax costs and imposing sanctions.

## FACTS

Silver's first amended complaint alleges the following. Appellant Silver is an attorney representing the plaintiff in the underlying action of KDF Financial Corporation v. Guglielmo (Super. Ct. L.A. County, 1986, No. C 606391). Respondents are Joseph Guglielmo, the defendant in the underlying action, his former counsel in that action, Attorney Martin Gold, the law partnership of Manns & Green of which Gold is an associate, Guglielmo's present counsel, Attorney Christopher Granville-Mathews, and Robert D. Walker, a California professional corporation, with which Granville-Mathews is associated.

On December 5, 1986, Gold was substituted as counsel for Guglielmo in place of the law firm of Alschuler, Grossman & Pines.[4] On December 8, 1986, Gold filed, on behalf of Guglielmo, a motion to disqualify Silver as counsel for KDF Financial Corporation (KDF). Silver alleged that Gold "had no justification to believe that the Motion for Disqualification had any proper basis in fact or in law" and that Gold made the motion "with the ulterior purpose and motivation to achieve a collateral advantage in the Underlying Action."

Attorney Otto Kaus was retained by KDF to oppose the motion to disqualify Silver. On December 19, 1986, Granville-Mathews was substituted as counsel for Guglielmo in place of Gold. On December 23, 1986,

---

[2] Appellants Lawrence Silver, a law corporation, and Lawrence Silver, an individual, will be referred to collectively as Silver.

[3] Such an order is appealable. (Code Civ. Proc., § 904.1, subd. (b); *Hennessy* v. *Superior Court* (1924) 194 Cal. 368, 372 [228 P. 862].)

[4] Alschuler, Grossman & Pines is not a party to this action.

Granville-Mathews filed a notice of motion for a stay of discovery to be heard January 8, 1987. On December 24, 1986, Granville-Mathews filed an ex parte application for a stay, which was denied. On December 31, 1986, Granville-Mathews noticed a motion re contempt, to exclude evidence, and for sanctions. Granville-Mathews's ex parte request for an order shortening time was denied. On January 8, 1987, the motion for a stay of discovery was "denied in part and granted in part." On February 6, 1987, Silver filed opposition to the motion for disqualification and requested sanctions in excess of $54,000.

A hearing was held on February 17, 1987, at which Judge Kurt J. Lewin denied the motion to disqualify Silver and took under submission Silver's request for sanctions. On February 20, 1987, Judge Lewin issued a minute order which read, in part: "The obvious lack of merit of defendant Guglielmo's motions to remove counsel and to suppress information casts considerable doubt on the necessity for the extensive opposition made; however, of the $54,829.90 sought, $15,000.00 is a reasonable amount both to reimburse a portion of that expense and to serve as a deterrant [sic] to future maneuvers of this type in this action." The $15,000 received by KDF reimbursed them in part for the fees paid to Kaus. Silver did not charge KDF for the time he expended in opposing the motion to disqualify Silver.

On December 4, 1987, Silver filed the present action for abuse of process and malicious prosecution. Respondents filed a demurrer to Silver's first amended complaint which was sustained by Judge Dzintra I. Janavs on April 6, 1988, without leave to amend. On April 15, 1988, Silver filed a notice of appeal from the resulting judgment of dismissal.

On April 19, 1988, respondents Granville-Mathews and Walker filed a memorandum of costs, and on May 2, 1988, Silver noticed a motion to tax costs. On May 17, 1988, Judge Janavs denied Silver's motion to tax costs and imposed sanctions in the amount of $1,125. Silver's appeal from this order was consolidated with his appeal from the judgment of dismissal.

## DISCUSSION

### I

*The Filing of a Motion to Disqualify Counsel Will Not Provide a Basis for an Action for Malicious Prosecution*

In reviewing an order of dismissal entered after the sustaining of a demurrer without leave to amend, "we treat the demurrer as admitting all material facts properly pleaded and all reasonable inferences which can be

drawn therefrom. [Citations.] The function of a demurrer is to test the sufficiency of a pleading by raising questions of law. [Citations.] It is error to sustain a demurrer where a plaintiff has stated a cause of action under any possible legal theory. [Citations.]" (*Von Batsch* v. *American Dist. Telegraph Co.* (1985) 175 Cal.App.3d 1111, 1117 [222 Cal.Rptr. 239].) Nonetheless, even if we conclude the trial court erred in its reasons for sustaining a demurrer, "since 'it is the validity of the court's action in sustaining the demurrer which is reviewable and not the court's statement of reasons for its action' [citation], we examine each cause of action to determine whether there are any other grounds for sustaining demurrers without leave to amend." (*Fuhrman* v. *California Satellite Systems* (1986) 179 Cal.App.3d 408, 419 [231 Cal.Rptr. 113].)

■     When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

We first examine Silver's cause of action for malicious prosecution.
■     "To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior *action* (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]." (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878], italics added.)  ■     Therefore, we must determine whether a motion to disqualify an attorney representing a party in a civil suit is an "action" upon which a suit for malicious prosecution may be based.

In *Bertero* v. *National General Corp., supra,* 13 Cal.3d 43, the Supreme Court held an action for malicious prosecution could be based on the filing of a cross-complaint, reasoning that "a cross-pleading creates an action distinct and separate from an initial pleading. [Fn. omitted.] Dismissal of the complaint, for instance, does not affect the independent existence of the cross-complaint or counterclaim. [Citations.]" (*Id.,* at p. 52.) In *Twyford* v. *Twyford* (1976) 63 Cal.App.3d 916, 922 [134 Cal.Rptr. 145], the Court of Appeal applied the reasoning of *Bertero* and concluded that "a request for admissions is not a separate proceeding and has no independent existence. It will not support a malicious prosecution complaint."

A split of authority was created by the decisions in *Chauncey* v. *Niems* (1986) 182 Cal.App.3d 967 [227 Cal.Rptr. 718] and *Lossing* v. *Superior Court* (1989) 207 Cal.App.3d 635 [255 Cal.Rptr. 18], both of which arose from suits for malicious prosecution based on applications for orders to show cause re contempt. The court in *Chauncey* concluded an order to show cause re contempt could serve as a basis for a later claim of malicious prosecution because "[w]hile the order may or may not have had an 'independent existence,' " it "exposed the plaintiff Chauncey to criminal sanctions" and "thus required Chauncey to retain counsel, appear in court, and respond to lengthy interrogatories." (182 Cal.App.3d at p. 975.) The court in *Lossing* strongly disagreed, in part because the availability of sanctions provided an adequate remedy, and concluded: "contempt proceedings to sanction discovery abuse are ancillary proceedings without sufficient independence to support a cause of action for malicious prosecution." (207 Cal.App.3d at p. 639; see also *Green* v. *Uccelli* (1989) 207 Cal.App.3d 1112, 1121 [255 Cal.Rptr. 315].)

In a decision filed the same month as the opinion in *Lossing,* the Supreme Court echoed this preference for the use of court-imposed sanctions over expansion of malicious prosecution liability: "While the filing of frivolous lawsuits is certainly improper and cannot in any way be condoned, in our view the better means of addressing the problem of unjustified litigation is through the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself, rather than through an expansion of the opportunities for initiating one or more additional rounds of malicious prosecution litigation after the first action has been concluded."[5] (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 873 [254 Cal.Rptr. 336, 765 P.2d 498].)

We need not resolve the conflict between the opinions in *Chauncey* and *Lossing* because the reasoning of both decisions compels the conclusion an unsuccessful motion to disqualify opposing counsel will not support a suit for malicious prosecution. Unlike a proceeding re contempt, a motion to disqualify counsel bears none of the characteristics of an independent action. Thus, in *Coleman* v. *Gulf Ins. Group* (1986) 41 Cal.3d 782, 794 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083], the Supreme Court held the filing of an appeal would not support an action for malicious prosecution because "filing an appeal 'is not a separate proceeding and has no indepen-

---

[5] In the present case, the lower court in the underlying action did impose sanctions for the filing of the motion to disqualify counsel. Although Silver, on behalf of his client, had sought over $54,000 in attorney's fees, the court found: "$15,000.00 is a reasonable amount both to reimburse a portion of that expense and to serve as a deterrant [*sic*] to future maneuvers of this type in this action."

dent existence' [citation]; it is merely the continuation of an action." Similarly, the filing of a motion to disqualify counsel is merely one of numerous procedures that may be invoked during the course of litigation; it does not constitute a separate action or proceeding upon which a suit for malicious prosecution can be premised.

## II

*The Filing of Legal Process With an Improper Motive Will Not in Itself Provide a Basis for an Action for Abuse of Process*

■   Although the filing of a motion to disqualify counsel will not support a claim of malicious prosecution, it can support a suit for abuse of process if the elements of that cause of action are present. "[U]nlike malicious prosecution, the term 'process' has been broadly interpreted to include the entire range of procedures incident to litigation . . . ." (*Twyford* v. *Twyford, supra,* 63 Cal.App.3d 916, 923.)

■   "To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner. [Citations.]" (*Coleman* v. *Gulf Ins. Group, supra,* 41 Cal.3d 782, 792.)

The complaint before us fails to satisfy the second of these elements. That pleading contains lengthy allegations concerning respondents' alleged motive and ulterior purpose in gaining a collateral advantage, but the only acts ascribed to respondents were their filing and pursuit of motions related to the disqualification of counsel. "[T]he mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action. [Citations.]" (*Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1169 [232 Cal.Rptr. 567, 728 P.2d 1202].) " ' "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." ' " (*Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 524 [154 Cal.Rptr. 874].)

The Supreme Court has held that the taking of an appeal, even one lacking in merit and intended to cause delay and coerce a settlement, does not provide a basis for filing an action for abuse of process. In so holding, the high court observed that the plaintiffs in the case before it "assert no facts to support a finding that the use of process was done in an unautho-

rized manner, but only that [the defendant's] motive was improper." (*Coleman* v. *Gulf Ins. Group, supra,* 41 Cal.3d 782, 792-793. Compare *Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 780 [217 Cal.Rptr. 585], with *Kappel* v. *Bartlett* (1988) 200 Cal.App.3d 1457, 1466 [246 Cal.Rptr. 815].) Similarly, in the present case, Silver alleges no facts showing any unauthorized or wrongful act by respondents.

We conclude the court below did not abuse its discretion in sustaining the demurrer without leave to amend. In their demurrer to Silver's original complaint, respondents first raised the contention that Silver had failed to allege an improper act. Silver then amended his complaint but still did not allege any improper act by respondents. In *Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, 780, the court upheld the sustaining of a demurrer without leave to amend because "it is likely that the trial court . . . determined that the only 'improper act' [the plaintiff] could allege was [the defendant's] act of filing that lawsuit." The same is true here.

Furthermore, the burden is on Silver to demonstrate that the trial court abused its discretion. Silver has made no showing that, given the opportunity, he could amend the complaint to cure the defect in question. (*Maheu* v. *CBS, Inc.* (1988) 201 Cal.App.3d 662, 670 [247 Cal.Rptr. 304].) Accordingly, as to the cause of action for abuse of process, we affirm the judgment of dismissal premised on the order sustaining the demurrer without leave to amend.

III

*The Court Below Did Not Abuse Its Discretion in Denying Silver's Motion to Tax Costs and Imposing Sanctions for a Frivolous Motion*

Following the judgment of dismissal, respondents filed a memorandum of costs which included the costs of taking the depositions of Silver and Attorney Kaus. Silver filed a motion to tax costs on the ground these depositions were "unnecessary at the time they were taken" and should have been delayed until after resolution of the demurrer. The court below denied Silver's motion to tax costs, found it frivolous, and awarded sanctions to respondents in the amount of $1,125.

As the prevailing party, respondents had the right to recover costs. (Code Civ. Proc., § 1032, subd. (b).) Among those items of allowable costs is the taking of "necessary depositions." (Code Civ. Proc., § 1033.5, subd. (a)(3).) Citing *Silver* v. *City of Los Angeles* (1966) 245 Cal.App.2d 673 [54 Cal.Rptr. 203] and *Hays* v. *Superior Court* (1940) 16 Cal.2d 260 [105 P.2d 975], Silver contends that had he "sought a protective order against the taking of the

depositions, the Superior Court could have granted it . . . ." But Silver did not seek such an order, and we are unaware of any authority which would have required respondents voluntarily to postpone the depositions pending resolution of the demurrer. For the same reason, the court below was not required to find the taking of the depositions unnecessary.

■ "The necessity for a deposition and for the related expenditures is a question for the trial court's sound discretion. [Citation.] The burden of proof that the deposition was unnecessary . . . is on the party seeking to have that item taxed . . . . [Citation.]" (*County of Kern* v. *Ginn* (1983) 146 Cal.App.3d 1107, 1113 [194 Cal.Rptr. 512].) In the present case, the court below did not abuse its discretion in denying Silver's motion to tax costs.

Silver challenges the order of the court below which imposed sanctions pursuant to Code of Civil Procedure section 128.5, subdivision (a),[6] for the bringing of a frivolous motion. For the reasons discussed above, we conclude the trial court did not abuse its discretion in determining Silver's motion to tax costs was frivolous. (See *Dwyer* v. *Crocker National Bank* (1987) 194 Cal.App.3d 1418, 1434 [240 Cal.Rptr. 297].)

Silver next contends the court below should have sustained his objections to the declaration of Robert Walker filed in opposition to the motion to tax costs. If these objections had been sustained, Silver reasons, there would not have been any evidence before the court to support an award of sanctions.

The court below did not need Walker's declaration in order to determine *that Silver had filed a frivolous motion; the requisite facts were apparent to the court.* With regard to the court's determination as to the amount of sanctions, the sole paragraph of Walker's declaration to which Silver did not object was the one in which Walker set forth the number of hours he had spent responding to the motion to tax costs, and his hourly rate.

Finally, Silver contends the court below lacked jurisdiction to impose sanctions because Silver had filed a notice of appeal from the judgment of dismissal. ■ The filing of a notice of appeal does not divest the court below of jurisdiction to determine "ancillary or collateral matters" which do not affect the judgment on appeal. (*Hennessy* v. *Superior Court, supra,* 194 Cal. 368, 372; *Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485, 487 [214 Cal.Rptr. 264].)

---

[6] Code of Civil Procedure section 128.5, subdivision (a), reads in pertinent part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics *that are frivolous or solely intended to cause unnecessary delay.*"

We decline respondents' request that we impose further sanctions on Silver for filing a frivolous appeal. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651 [183 Cal.Rptr. 508, 646 P.2d 179].)

DISPOSITION

The judgment of dismissal and the order denying the motion to tax costs and imposing sanctions are affirmed.

McClosky, Acting P. J., and Goertzen, J., concurred.