[No. C006665. Third Dist. Sept. 21, 1990.]

IRA P. IDELL, Plaintiff and Appellant, v.
LYSBETH GOODMAN et al., Defendants and Respondents.

---

**COUNSEL**

Niven & Smith, Herman A.D. Franck V and Scott D. Mayer for Plaintiff and Appellant.

Phillips, Greenberg, Dolven & Strain, Earl P. Dolven and Neil A. Eskind for Defendants and Respondents.

---

**OPINION**

**SCOTLAND, J.**—Plaintiff filed a voluntary chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of

California asking that his debts be discharged. (11 U.S.C. § 701 et seq.)[1] Defendant Joseph Lanza and other creditors of plaintiff, represented by defendant Lysbeth Goodman, an attorney, responded by filing, within plaintiff's bankruptcy action, an adversary proceeding which alleged that the debts should not be discharged. (§ 727(a); rule 7001 et seq.) Following a hearing, the bankruptcy court rejected defendants' contentions and entered judgment for plaintiff.

Plaintiff then brought this action against defendants for malicious prosecution. The trial court sustained Lanza's demurrer without leave to amend on the ground that the section 727 adversary proceeding seeking to block the discharge of plaintiff's debts was defensive in nature, and no action will lie for malicious defense. Thereafter, the parties stipulated that judgment on the pleadings be entered in favor of defendant Goodman on the same ground relied upon by the trial court in sustaining defendant Lanza's demurrer without leave to amend.

Plaintiff filed a timely notice of appeal challenging the trial court's rulings. We shall affirm on the ground that the cause of action for malicious prosecution was preempted by federal law, a point raised by the parties but not ruled upon by the trial court. Even if preemption did not apply, we would affirm because the trial court accurately perceived the nature of a section 727 proceeding and properly held that there is no cause of action for malicious defense. (See *Coleman* v. *Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, fn. 9 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083]; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

## ■ FACTS AND PROCEDURAL BACKGROUND

Our only task in reviewing a ruling on a demurrer is to determine whether the complaint states a cause of action. Accordingly, we assume that the properly pleaded material allegations of the complaint are true and give the complaint a reasonable interpretation by reading it as a whole and all its parts in their context. (*Garcia* v. *Superior Court* (1990) 50 Cal.3d 728, 732 [268 Cal.Rptr. 779, 789 P.2d 960]; *Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 702 [263 Cal.Rptr. 119, 780 P.2d 349].)

Plaintiff filed for bankruptcy in January 1984. Lanza and other defendants authorized Goodman to file an adversary proceeding in July 1984, asking that plaintiff's request for a discharge of his debts be denied pursuant

---

[1] Statutory references are to title 11, United States Code, unless otherwise noted. References to rules are to the Rules of Bankruptcy Procedure unless otherwise noted.

to section 727, which authorizes a creditor to file an adversary proceeding seeking the complete denial of discharge of all bankruptcy debts including those owed to other creditors. (§ 727(c).)

Defendants' section 727 complaint alleged inter alia that plaintiff failed to turn over books and records to the chapter 7 trustee. If proven true, this allegation would have permitted the denial of discharge under section 727(a)(4)(D), which provides that the bankruptcy court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case— . . . withheld from an officer of the estate entitled to possession under this title, any recorded information including books, documents, records, and papers, relating to the debtor's property or financial affairs."

Defendants further alleged that plaintiff improperly transferred an automobile which was the property of the bankruptcy estate. If proven true, this allegation would have permitted the denial of discharge under section 727(a)(2)(B), which provides in pertinent part that a discharge shall be granted unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred . . . property of the estate, after the date of the filing of the petition."

It was also alleged that plaintiff fraudulently absconded with the sum of $500,000 and failed to satisfactorily explain the absence of this money. If proven true, this allegation would have permitted the denial of discharge under section 727(a)(5), which provides that a discharge shall be granted unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

Lastly, defendants alleged that plaintiff had transferred, removed and concealed assets belonging to the bankruptcy estate within a year prior to the bankruptcy proceeding and during the bankruptcy proceeding. If proven true, this allegation would have permitted the denial of discharge under section 727(a)(2).

The bankruptcy court bifurcated the section 727 issue and, following a hearing, granted plaintiff's motion for nonsuit on defendants' claims. (Fed. Rules Civ.Proc., rule 41(b).)

Almost one year later, plaintiff filed this action alleging that the requests for denial of discharge were instituted by defendants without probable cause and without a reasonable basis to believe that the facts supported the

requested relief. According to the complaint, defendants pursued their claims with malice, with the purpose to annoy, vex and harass, and to vent personal grudges against him. Plaintiff further alleged that his obtaining of a nonsuit on defendants' claims constituted a termination in his favor, and that he proximately suffered damages in an amount to be proven at trial.

In his demurrer, Lanza argued that a section 727 adversary proceeding is purely defensive—that it is a creditor's only means to defend his right to collect the indebtedness against the preclusive effect of a discharge order; the proceeding seeks no affirmative relief; and it has no existence independent of the bankruptcy proceeding. Since California courts have refused to recognize a tort of malicious defense, Lanza asserted that a malicious prosecution action cannot be founded upon the filing of a section 727 adversary proceeding. In addition, Lanza contended that plaintiff's lawsuit was preempted by federal bankruptcy laws because federal courts have been given exclusive jurisdiction over bankruptcy matters, and Rule 9011 already provides a sanction for the improper filing of a section 727 adversary action.

Plaintiff countered that (1) a section 727 proceeding is not merely defensive because it seeks affirmative remedies and causes an arrest and deprivation of property; (2) a section 727 pleading is analogous to a cross-complaint; (3) other analogous proceedings have been held to support claims for malicious prosecution; and (4) federal rules governing the proceeding illustrate that a section 727 proceeding is the type of adversarial action for which a malicious prosecution action can lie.

The trial court acknowledged that a section 727 proceeding may have the "collateral consequence" of benefitting nonmoving creditors but noted that the moving creditor's only benefit is to retain his or her debt as an active debt. Thus, the proceeding is distinguishable from causes of action for affirmative relief, such as a cross-complaint, "where there is a potential of actually gaining something." The court also found that a section 727 proceeding is more akin to an answer than a cross-complaint because it cannot stand alone independent of the bankruptcy proceeding. Accordingly, the court found that plaintiff had failed to state a cause of action. The court did not address the preemption issue. Judgment was entered as noted above, and this appeal followed.

## DISCUSSION

### I

We begin with defendants' assertion that plaintiff's lawsuit is preempted by federal bankruptcy law. ■ Since we are concerned with the

correctness of the trial court's ruling, and not its reasoning, we may affirm on a ground raised by the parties in superior court but not ruled upon by the trial court. (*West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407, 413-414 [15 Cal.Rptr. 119, 364 P.2d 295].)

■ As noted in *Gonzales* v. *Parks* (9th Cir. 1987) 830 F.2d 1033, which upheld a bankruptcy judge's order vacating a state court judgment for abuse of process obtained by a bankruptcy creditor against a debtor, "Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one . . . . That Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in the federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith [citations], and violations of that requirement can result in the imposition of sanctions [citations]. Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." (*Id.*, at pp. 1035-1036, fn. omitted.)

We join Division One of the Fourth District in agreeing with the reasoning of *Gonzales*, "even if [its] comments are properly described as dicta." (*Gene R. Smith Corp.* v. *Terry's Tractor, Inc.* (1989) 209 Cal.App.3d 951, 954 [257 Cal.Rptr. 598].) As the Fourth District explained, the availability of sanctions within bankruptcy proceedings "reflects Congress's intent that the case by case development of law relating to 'bad faith' in [bankruptcy proceedings] should be accomplished in federal courts and not in state courts . . . . Different standards defining identical conduct adds an unnecessary and confusing component to the uniform law to be applied in bankruptcy proceedings. The additional risk that substantial damage awards in state courts would create a material disincentive to those seeking to use the bankruptcy laws only exacerbates the problem. The determination of damages in state courts should not determine the potential cost of entry into the federal bankruptcy system." (*Id.*, at pp. 954-955.) Accordingly, *Gene R. Smith* held that a debtor's causes of action for abuse of process and

malicious prosecution of an involuntary bankruptcy are preempted by federal law.

■ As we will explain, this reasoning is equally applicable when, as here, a debtor who has filed a bankruptcy petition claims that his or her creditors improperly objected to a discharge of the debtor's fiscal obligations.

Plaintiff attempts to distinguish *Gene R. Smith* on the ground that its preemption analysis relied not only on the policies identified in *Gonzales*, but also on the fact that Congress has provided a specific statutory remedy in section 303(i) for improper filings of involuntary bankruptcy proceedings. (*Gene R. Smith, supra*, 209 Cal.App.3d at p. 954.) Section 303(i) permits the bankruptcy court upon dismissal of a petition for involuntary bankruptcy to award a debtor his or her costs and reasonable attorney's fees. If the involuntary bankruptcy petition was filed in bad faith, the court has the additional power to award any damages proximately caused by such filing as well as punitive damages.

Although Congress has not provided a statutory remedy analogous to section 303(i) for the bad faith filing of section 727 objections to the discharge of debts in bankruptcy, plaintiff was not without a federal remedy. Rule 9011[2] authorizes the imposition of sanctions when any bankruptcy filing, including a section 727 proceeding, is in bad faith. (*In re Usoskin* (Bankr. E.D.N.Y. 1986) 61 Bankr. 869, 874-878.) Sanctions also may be awarded under 28 United States Code section 1927, which authorizes a bankruptcy court to require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (28 U.S.C. § 1927; *In re Usoskin, supra*, at pp. 873-874.)

[2] Rule 9011 provides, "Every petition, pleading, motion and other paper served or filed in a case under the [Bankruptcy] Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate, that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. . . . If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."

Since the filing of a section 727 adversary proceeding to block the discharge of debts in bankruptcy is within the exclusive jurisdiction of the federal courts, and because sanctions are available to debtors when section 727 proceedings are filed in bad faith, we conclude that this malicious prosecution action was preempted by federal law. In this respect, the reasoning of *Gonzales* bears repeating. The existence of federal sanctions for the filing of frivolous and malicious bankruptcy pleadings must be read as an implicit rejection of state court remedies. The mere possibility of being sued in tort in state court, with the potential for substantial damage awards, could deter persons from exercising their rights in bankruptcy. Thus, it is for Congress and the federal courts, not state courts, to decide what incentives and penalties shall be utilized in the bankruptcy process.

Because in our view plaintiff's lawsuit was preempted by federal law, the trial court properly sustained defendants' demurrer without leave to amend.[3]

## II

Even if the bar of federal preemption did not apply, the demurrer was properly sustained for other reasons discussed below.

■ Contrary to plaintiff's contention that a section 727 adversary proceeding seeks affirmative relief and thus may give rise to a cause of action for malicious prosecution, we conclude, as did the trial court, that this adversary bankruptcy proceeding is a defensive pleading akin to an answer for which a malicious prosecution action will not lie.

■ As recently reiterated by the California Supreme Court, "[w]e have joined other courts in recognizing the cause of action [for malicious prosecution] as a disfavored one because it may deter judicial resolution of differences." (*Pacific Gas & Electric Co.* v. *Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1131 [270 Cal.Rptr. 1, 791 P.2d 587].) ■ To state a cause of action for malicious prosecution, a plaintiff must allege that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. (*Sheldon Appel Co.* v.

---

[3] Plaintiff suggests that our reasoning could apply to "wipe out the entitlement of a malicious prosecution action to all Federal actions" because of the existence of sanctions under Federal Rules of Civil Procedure, rule 11, which mirrors rule 9011. We do not suggest that a malicious prosecution cause of action in state court is preempted whenever it is based on an action filed in federal court. We simply hold that when the underlying action could have been brought only in federal court due to exclusive federal jurisdiction, as in the case of bankruptcy proceedings, and federal sanctions are available for malicious filings, the doctrine of preemption applies.

*Albert & Oliker* (1989) 47 Cal.3d 863, 871-872 [254 Cal.Rptr. 336, 765 P.2d 498]; see 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, §§ 431-451, pp. 512-535.)

■   At issue is the first element, which is satisfied only when the defendant has gone beyond merely resisting his opponent's attack and has sought some affirmative relief. (*Coleman* v. *Gulf Ins. Group, supra*, 41 Cal.3d at pp. 793-794; *Bertero* v. *National General Corp., supra*, 13 Cal.3d at pp. 52-53.) Courts "have long 'refused to recognize a tort of malicious defense'" (*Coleman, supra*, at p. 794, fn. 9, quoting *Bertero, supra*, at p. 52) because creation of such a tort would jeopardize the "right of a defendant, involuntarily haled into court, to conduct a vigorous defense." (*Bertero, supra*, at p. 52, citing *Eastin* v. *Bank of Stockton* (1884) 66 Cal. 123 [4 P. 1106] and *Ritter* v. *Ritter* (1943) 381 Ill. 549 [46 N.E.2d 41].)

However, when as in *Bertero* a defendant goes beyond purely defensive measures and files a cross-complaint, he may be liable if his action is prompted by malice and is not based on probable cause. (*Bertero, supra,* 13 Cal.3d at p. 53.) As *Bertero* explains, "[b]y seeking affirmative relief, . . . defendants . . . did more than attempt to repel [plaintiff's] attack; they took the offensive in attempting to prosecute a cause of action of their own." (*Ibid.*)

These rules were recently applied in *Coleman*, where the court rejected malicious prosecution liability for a defendant who prosecuted an appeal. (*Coleman, supra*, at pp. 793-794.) The court noted that, unlike a cross-complaint, an appeal "'is not a separate proceeding and has no independent existence' [citation]; it is merely the continuation of an action." (*Id.*, at p. 794, quoting *Twyford* v. *Twyford* (1976) 63 Cal.App.3d 916 [134 Cal.Rptr. 145].) Thus, "a defendant's appeal cannot be considered a separate action 'seeking affirmative relief,' but rather is merely the continuation of an attempt 'to repel' plaintiff's attack." (*Ibid.*; fn. omitted.)

■   The *Coleman* court's observations are equally applicable to section 727 adversary proceedings. Like an appeal or answer, and unlike a cross-complaint, a section 727 proceeding objecting to a discharge is not a separate action and has no existence apart from the chapter 7 bankruptcy proceeding. Rather, its sole purpose is to provide a mechanism for a creditor to object to the discharge of his debtor's debts. (See Rules 4004, 7001-7087; 2 Collier Bankruptcy Manual, ¶ 727.15[1]; *Coleman, supra,* 41 Cal.3d at p. 794.) Indeed, unless an objection is filed, the discharge ordinarily is granted forthwith. (Rule 4004(c); 2 Collier Bankruptcy Manual, 727.15A.) Moreover, unlike a cross-complainant, a section 727 plaintiff does not obtain any affirmative relief. Akin to an answering or appealing defendant, a

section 727 plaintiff's only goal is to preserve, or to return to, the status quo as it existed before judicial proceedings had commenced. (*Ibid.*)

Nevertheless, plaintiff argues that "an adversary proceeding seeks relief far beyond the creditor's interest at stake in the bankruptcy proceeding. A successful adversary proceeding brought under . . . section 727 precludes the discharge of all of the debtor's debts," including those owed to nonmoving creditors who did not participate in the proceeding. In plaintiff's view, because a bankruptcy discharge applies uniformly to all creditors, and a creditor owed a small sum can defeat the discharge of much greater debts owed to other creditors, an adversary proceeding under section 727 "clearly seeks affirmative relief, it is not merely a 'defense,' and does constitute the sort of civil action which can form the basis of a malicious prosecution action."

We disagree. The moving creditor is not affirmatively benefitted by this "all-or-nothing" aspect of the section 727 procedure. He gains nothing by preserving debts owed to other creditors with whom he must compete for the debtor's limited resources. Indeed, a moving creditor may wish that the bankruptcy procedure permitted him to single out his own debt for preservation. Because his sole objective is to preserve the debt owed to him, he does not seek affirmative relief in the manner of a cross-complainant. (See *Coleman, supra,* 41 Cal.3d at p. 794; *Bertero, supra,* 13 Cal.3d at p. 53.) Thus, the trial court properly discounted the relief to nonmoving creditors as a "collateral consequence" of the moving creditor's action.

### III

Citing *Bertero* and *Paramount General Hospital Co.* v. *Jay* (1989) 213 Cal.App.3d 360 [261 Cal.Rptr. 723], plaintiff suggests that this malicious prosecution action should lie because a section 727 objection to the discharge of debts, like the commencement of other civil proceedings, may harm not only the individual against whom the claim is made but also the efficient administration of justice. (See *Bertero, supra,* 13 Cal.3d at pp. 50-51; *Paramount, supra,* at p. 367.) Indeed, a debtor whose bankruptcy petition is met by an objection may be forced to expend attorneys' fees and may even suffer mental or emotional distress or the loss of reputation in the community. In addition, bad faith filings of section 727 proceedings add to the clogging of already crowded court dockets.

Yet, these facts do not persuade us that an objection to a discharge should be treated like a complaint or a cross-complaint for purposes of the tort of malicious prosecution. More often than we care to acknowledge, parties file frivolous appeals in this court and others with similar deleterious consequences. ■ Nevertheless, it is well settled that the taking of a

frivolous appeal will not sustain a malicious prosecution action. (*Coleman, supra,* 41 Cal.3d at pp. 793-794.) Plaintiff's attempt to analogize defendants' pleading to a cross-complaint is not well taken.

## IV

■■■ Plaintiff also contends that a section 727 adversary proceeding satisfies the Restatement Second of Torts' criteria for civil proceedings which may form the basis of an action for malicious prosecution. We disagree.

Section 677 of the Restatement Second of Torts provides, "One who by taking an active part in the initiation, continuation or procurement of civil proceedings against another causes him to be arrested or deprived of the possession of his land or chattels or other things is subject to liability to him for the harm done thereby if [¶] (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim on which the proceedings were based, and [¶] (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

Plaintiff does not assert that the act of objecting to a bankruptcy discharge by itself causes any of the injuries described in section 677 of the Restatement Second of Torts, and such an argument would lack merit. Rather, he contends that, if the objections are sustained and the discharge is denied, the debtor may lose his property through wage garnishments, foreclosures or other means. This argument misses the mark. Any such loss is occasioned not by the adversary proceeding but by the existence of the indebtedness. Nothing in section 677 of the Restatement Second of Torts remotely suggests that the collection of a legitimate debt should expose a creditor to liability for malicious prosecution.

## V

Plaintiff next analogizes the section 727 adversary proceeding to other proceedings which have been held to support actions for malicious prosecution. None of these analogies is persuasive.

Plaintiff first cites *MacDonald* v. *Joslyn* (1969) 275 Cal.App.2d 282 [79 Cal.Rptr. 707, 35 A.L.R.3d 641] in which a wealthy testator established trusts for his children during his lifetime and then willed his multimillion-dollar estate to his grandchildren in trust. (*Id.,* at p. 291.) His eldest son filed, and then withdrew, a groundless will contest and was successfully sued by the executor for malicious prosecution. (*Id.,* at pp. 285-286.)

*MacDonald* is superficially similar to this case in that the defendant did not initiate the proceeding to probate his father's will but merely filed an objection to the will which he thought was invalid. Unlike defendants in the present case, however, the defendant in *MacDonald* sought to obtain substantial affirmative relief: if he defeated the bequest to the grandchildren, the estate would pass to him and other children of the testator. Because it sought affirmative relief, the *MacDonald* will contest is analogous to the filing of a cross-complaint (compare *Bertero, supra,* 13 Cal.3d at p. 53) and is distinguishable from the defensive pleading here at issue.

Plaintiff next cites *Steiner* v. *Eikerling* (1986) 181 Cal.App.3d 639 [226 Cal.Rptr. 694], in which certain relatives of the testator forged a will naming themselves as beneficiaries and filed it for probate. (*Id.,* at pp. 640-641.) After the will was rejected as a forgery, other relatives sued for malicious institution of civil proceedings. The court upheld the cause of action, concluding that "persons who successfully contest a forged will submitted to probate may maintain an action for malicious institution of civil proceedings against those who offered the forged document with knowledge of its falsity." (*Id.,* at p. 645.) Citing with approval a comment to Section 674 of the Restatement Second of Torts which provides in pertinent part, "The person who initiates civil proceedings is the person who sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person" (Rest.2d Torts, § 674, com. a, p. 452), *Steiner* concluded that the defendants "actually initiated the legal proceedings themselves by presenting the forged document in a petition for probate and that verified petition is what compelled [the plaintiffs] to file the will contest." (*Steiner, supra,* at pp. 644-645.)

*Steiner* is distinguishable, first, because here it was plaintiff's filing for bankruptcy, not defendants' filing of objections, which set the legal machinery in motion. Thus, it was plaintiff, not defendants, who initiated the proceeding. Second, in *Steiner,* as in *MacDonald* and unlike the present case, the defendants sought affirmative relief, i.e., to be awarded the testator's estate. Here, defendants sought only to preserve the status quo as it existed before the filing of the bankruptcy petition.

Finally, plaintiff cites *Chauncey* v. *Niems* (1986) 182 Cal.App.3d 967 [227 Cal.Rptr. 718], which upheld causes of action for malicious prosecution based on orders to show cause in a family law proceeding. The court offered three reasons for its ruling: (1) an order to show cause re contempt exposed the plaintiff to criminal sanctions; (2) it required him to retain counsel, appear in court and respond to lengthy interrogatories; and (3) "[w]hile the order may or may not have had an 'independent existence,' it nonetheless

bore the indisputable earmarks of an adversarial proceeding. Most significantly, it incurred expenses, provoked psychological trauma, and required expenditure of time and effort to defend fully sufficient for us to find it the sort of proceeding upon which plaintiff could base a malicious prosecution action." (*Id.,* pp. 975-976.)

*Chauncey* did not consider *Coleman* v. *Gulf Ins. Group, supra,* 41 Cal.3d 782, which had been decided the previous month. By concluding that the taking of an appeal could not support malicious prosecution liability, *Coleman* implicitly rejected *Chauncey*'s second and third criteria, for the taking of an appeal requires the retention of counsel, an appearance in court and the expenditure of time, money, and effort. Moreover, an appeal indisputably is an adversary proceeding; so much so that, in certain cases, it may provoke psychological trauma. We do not believe that the presence of factors implicitly rejected in *Coleman* allows us to reach an opposite result. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; see part II, *ante*.)

By focusing instead on the separateness of the proceeding and whether it sought affirmative relief, *Coleman* underscored *Chauncey*'s first criterion, that the plaintiff was exposed to a criminal sanction not available in the main action. (*Coleman, supra,* 41 Cal.3d at pp. 793-794; *Chauncey, supra,* 182 Cal.App.3d at p. 975.) On that score, *Chauncey* is distinguishable because in this case defendants did not seek any form of affirmative relief. They sought only to oppose the relief requested by plaintiff.

## VI

Finally, plaintiff contends that bankruptcy rules make it plain that a malicious prosecution action may be based upon the bad faith filing of a section 727 pleading.

Section 727 proceedings to object to or revoke a discharge are governed by part VII of the bankruptcy rules. (See rule 7001(4).) The Advisory Committee Note to rule 7001 states in pertinent part: "These part VII rules are based on the premise that to the extent possible practice before the bankruptcy courts and the district courts should be the same. These rules either incorporate or are adaptations of most of the Federal Rules of Civil Procedure."

To illustrate the procedural parity with federal civil actions, plaintiff notes that the party initiating the section 727 proceeding is the plaintiff, and the responding party is the defendant. The plaintiff files what is termed a complaint, and the opposing party files an answer. Cross-complaints are

permitted, as are amendments and supplemental pleadings. Discovery, requests for admissions, and dismissals all proceed under bankruptcy rules derived from the Federal Rules of Civil Procedure. (See generally Rules 7001-7071; Fed. Rules Civ.Proc., rules 3-71.)

According to plaintiff, this "comparison between a [section 727] bankruptcy adversary proceeding and a normal civil action in the United States District Courts establishes the adversarial nature of [the section 727 proceeding]" that makes it "the sort of proceeding on which an action for malicious prosecution may be based."

Plaintiff's argument is unpersuasive because it exalts form over substance. (Civ. Code, § 3528; *Vallera* v. *Vallera* (1944) 64 Cal.App.2d 266, 272 [148 P.2d 694] ["Form is subordinated to substance in pleading and practice in civil cases."].) In a commendable effort to assist counsel, the advisory committee has adopted the familiar procedure used in federal district courts as the model to be followed in the more specialized bankruptcy courts. However, the procedural similarities do not obscure the substantial differences between a civil plaintiff and a party opposing a discharge of debts in bankruptcy. As we repeatedly have noted, a civil plaintiff seeks affirmative relief in an action capable of separate existence, while an opponent of a bankruptcy discharge does not. (See *Coleman, supra,* 41 Cal.3d at pp. 793-794.) Since the substance of a section 727 proceeding, not the procedures it utilizes, controls the character of the proceeding, we find nothing in the bankruptcy rules which persuades us that plaintiff should be entitled to bring this action.

Because, for the reasons stated above, plaintiff's complaint did not state a cause of action for malicious prosecution, the trial court properly sustained the demurrer without leave to amend and correctly entered judgment for defendants.

## VII

Defendant Goodman contends that this appeal is frivolous and deserving of sanctions. We disagree.

"The standards for determining whether an appeal is frivolous are contained in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]. *Flaherty* provides that an appeal may be found frivolous and sanctions imposed when (1) the appeal was prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment; or (2) the appeal indisputably has no merit, i.e., when any reasonable attorney would agree that the appeal is totally and completely without

merit. (*Id.*, at p. 650.) [¶] *Flaherty* cautions that 'any definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.' (*Ibid.*)" (*Bach* v. *County of Butte* (1989) 215 Cal.App.3d 294, 310 [263 Cal.Rptr. 565], italics in original.)

We find nothing to suggest that this appeal was prosecuted for an improper motive. Moreover, we cannot say that it would have been clear to any reasonable attorney that this appeal was totally and completely without merit. Accordingly, Goodman's request for sanctions is denied.

## DISPOSITION

The judgment is affirmed.

Sparks, Acting P. J., and DeCristoforo, J., concurred.