[No. G018204. Fourth Dist., Div. Three. Oct. 28, 1998.]

LAWRENCE SAKS, Plaintiff and Appellant, v.
PARILLA, HUBBARD & MILITZOK et al., Defendants and Appellants.

**COUNSEL**

Love & Bosserman, Richard A. Love, Beth A. Shenfeld and Nancy E. Spero for Plaintiff and Appellant.

Parilla, Militzok & Shedden, Paul H. Parilla and William A. Kozub for Defendants and Appellants.

## OPINION

**SONENSHINE, J.**—There is no need to set forth a detailed background of financial transactions leading up to Altamirco, Ltd.'s voluntary petition for chapter 11 bankruptcy. Nor must we discuss why Altamirco, its general partner, Craig Caldwell, and its legal counsel subsequently decided to initiate an adversary proceeding in the bankruptcy court to recover $1.5 million from Lawrence Saks, based on alternate theories of fraudulent conveyance (11 U.S.C. § 548)[1] and preferential transfer (§ 547). Suffice it to say, Saks prevailed in the adversary proceeding, marched across the street to state court, and filed a malicious prosecution/abuse of process action, naming everyone,[2] hereafter designated defendants.

The trial court granted defendants' motion for judgment on the pleadings, dismissing the case for lack of subject matter jurisdiction. Saks appeals. Defendants cross-appeal, claiming the court erred in denying their motion for summary judgment. As we discuss, *infra*, the dismissal was proper. Our disposition renders defendants' cross-appeal moot.

### DISCUSSION

■ We decide the propriety of a judgment on the pleadings by examining the pleadings and judicially noticed matters to see if the facts are sufficient to state a cause of action. (*Croeni* v. *Goldstein* (1994) 21 Cal.App.4th 754, 758 [26 Cal.Rptr.2d 412].) ■ Defendants obtained judgment based on the operative allegations of Saks's complaint, to wit, (1) defendants initiated and prosecuted the adversary proceeding in bankruptcy court and sought and obtained a temporary restraining order, all for an improper purpose, without probable cause or an honest belief in the existence of reasonable grounds; and (2) the proceeding culminated in a judgment in Saks's favor. Either those allegations constitute a cognizable state claim or they do not. The rest of the alleged facts are irrelevant.[3]

Saks contends the superior court erred in finding itself without jurisdiction in this action. He is wrong.

---

[1] All statutory references are to 11 United States Code, unless otherwise stated.

[2] Altamirco and Caldwell were named in the complaint, as were the law firms Parilla, Hubbard & Militzok and its successor, Pafilla & Militzok, and individual lawyers, Steven Militzok, Paul H. Parilla, Clinton L. Hubbard, Heidi Knapp Leanders and Jerome L. Amante.

[3] We make this pointed comment to indicate our displeasure at the language and tone of Saks's briefs. The name-calling, accusations of criminal conduct, and pernicious character assassinations are offensive not only because they are indecorous and unprofessional, but because they are completely unrelated to the legal issue presented. We could strike the briefs (see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 599, p. 633), but choose to merely chastise counsel and move on.

At the time of the ruling, there were at least three decisions indicating dismissal was the appropriate disposition.[4] We discuss each of them, as well as two other cases, *MSR Exploration, Ltd.* v. *Meridian Oil, Inc.* (9th Cir. 1996) 74 F.3d 910 and *Pauletto* v. *Reliance Ins. Co.* (1998) 64 Cal.App.4th 597 [75 Cal.Rptr.2d 334], published during the pendency of this appeal. Together, the decisions unequivocally support the trial court's dismissal of Saks's case. Although we do not discuss all the federal statutes, our opinion should not be misread as failing to consider those laws. Rather, our choice not to burden the parties with an independent discussion should be taken as an implicit endorsement of the statutory interpretation principles underlying the appellate courts' conclusions.

In *Gonzales* v. *Parks, supra,* 830 F.2d 1033, the Ninth Circuit Court of Appeals held the state court was without subject matter jurisdiction to hear the creditor's claim that the debtor abused process by filing a voluntary bankruptcy petition solely to delay a foreclosure sale. (*Id.* at p. 1034, fn. 1.) The *Gonzales* court stated, "Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. *State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one.* Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating. [Citation.] The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the [federal] Constitution." (*Id.* at p. 1035, fn. omitted, italics added.)

The *Gonzales* court further noted that the prohibition against state court tort actions "is supported by the fact that remedies have been made available in the federal courts to [parties] who believe that a filing is frivolous. . . . Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. *Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy.* In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." (*Gonzales* v. *Parks, supra,* 830 F.2d at pp. 1035-1036, italics added.)

---

[4]The leading case is *Gonzales* v. *Parks* (9th Cir. 1987) 830 F.2d 1033. Other cases following *Gonzales* are *Gene R. Smith Corp.* v. *Terry's Tractor, Inc.* (1989) 209 Cal.App.3d 951 [257 Cal.Rptr. 598] and *Idell* v. *Goodman* (1990) 224 Cal.App.3d 262 [273 Cal.Rptr. 605].

Division One of this court followed the lead of *Gonzales* in *Gene R. Smith Corp.* v. *Terry's Tractor, Inc., supra,* 209 Cal.App.3d 951, 952. In *Gene R. Smith,* the creditor filed a petition under chapter 11 to place the debtor in involuntary bankruptcy. The bankruptcy court granted the debtor's motion to dismiss the petition. The debtor then filed a malicious prosecution/abuse of process action in state court, alleging the defendants (creditor and attorneys) "willfully and maliciously filed and prosecuted the involuntary bankruptcy." (*Id.* at p. 953.) Dismissing all defendants, the superior court found the case preempted by federal law, depriving it of subject matter jurisdiction. (*Ibid.*) Rejecting the appellant's contention *Gonzales* was "factually and procedurally distinguishable . . . and . . . its broad language . . . simply dicta" (*ibid.*), the Court of Appeal found the case "correctly states the considerations controlling our review . . . ." (*Gene R. Smith Corp.* v. *Terry's Tractor, Inc., supra,* 209 Cal.App.3d at p. 953.)

Affirming the dismissal, the *Gene R. Smith Corp.* court quoted the language of *Gonzales* extensively, adding its own observation that federal bankruptcy law "permits the bankruptcy court on dismissal of a petition to award a debtor costs, reasonable attorney's fees and any damages proximately caused by the taking of the debtor's property," and, in the case of bad faith filings, to award additional damages, including punitive damages. (*Gene R. Smith Corp.* v. *Terry's Tractor, Inc., supra,* 209 Cal.App.3d at p. 954.) It noted the relevant federal statute "reflects Congress's intent that the case-by-case development of law relating to 'bad faith' in this context should be accomplished in federal courts and not in state courts. . . . [I]t would indeed be anomalous and, to say the least, inconsistent with this legislative intent for state courts to develop a different, more liberal definition of 'bad faith' for malicious prosecution purposes than that developed in the federal system. Different standards defining identical conduct adds an unnecessary and confusing component to the uniform law to be applied in bankruptcy proceedings. The additional risk that substantial damage awards in state courts would create a material disincentive to those seeking to use the bankruptcy laws only exacerbates the problem. The determination of damages in state courts should not determine the potential cost of entry into the federal bankruptcy system." (*Id.* at pp. 954-955.)

In *Idell* v. *Goodman, supra,* 224 Cal.App.3d 262, the Court of Appeal, Third Appellate District, joined the parade. It found preemption of federal law prevented the state court from hearing a malicious prosecution case based on the creditor's alleged bad faith filing of an adversary proceeding to block discharge of debts in bankruptcy. (*Id.* at p. 271.) The *Idell* court adopted the reasoning of *Gonzales,* stating, *"The existence of federal sanctions for the filing of frivolous and malicious bankruptcy pleadings must be*

*read as an implicit rejection of state court remedies.* The mere possibility of being sued in tort in state court, with the potential for substantial damage awards, could deter persons from exercising their rights in bankruptcy. Thus, *it is for Congress and the federal courts, not state courts, to decide what incentives and penalties shall be utilized in the bankruptcy process.*" (*Idell* v. *Goodman, supra,* 224 Cal.App.3d at p. 271, italics added.) In response to plaintiff's dire concerns about a wholesale loss of state court rights, the *Idell* court explained, "We do not suggest that a malicious prosecution cause of action in state court is preempted whenever it is based on an action filed in federal court. We simply hold that *when the underlying action could have been brought only in federal court due to exclusive federal jurisdiction, as in the case of bankruptcy proceedings, and federal sanctions are available for malicious filings, the doctrine of preemption applies.*" (*Id.* at p. 271, fn. 3, italics added.)

The Ninth Circuit Court of Appeals spoke to the issue again in *MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d 910. The debtor's state tort cause of action for malicious prosecution was asserted in the federal district court, based on the creditor's disallowed objections in a bankruptcy proceeding. The district court found it lacked jurisdiction to hear the matter. Affirming, the reviewing court held, "MSR's malicious prosecution action against [the creditors] is completely preempted by the structure and purpose of the Bankruptcy Code. Therefore, MSR's purported action must, in fact, be a federal claim. That claim, however, should have been brought in the bankruptcy court itself, and not as a separate action in the district court." (*Id.* at p. 916.)

Explaining that the "major issue in this case is *whether state malicious prosecution actions for events taking place within the bankruptcy court proceedings are completely preempted by federal law*" (*MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d at p. 912, italics added), the court reasoned bankruptcy matters must remain in the federal forum for several reasons: (1) Congress "plac[ed] bankruptcy jurisdiction exclusively in the district courts as an initial matter" (*id.* at p. 913); (2) Congress, by enacting the Bankruptcy Code, "create[d] a whole system under federal control . . . designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike" (*MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d at p. 914); (3) bankruptcy law, " 'intimately connected with the regulation of commerce,' " requires uniformity (*ibid.*); and (4) there are a myriad of remedies within the bankruptcy laws, designed by Congress "to preclude the misuse of the bankruptcy process." (*Id.* at p. 915.)

The *MSR Exploration, Ltd.* court noted, "Debtors' petitions, creditors' claims, disputes over reorganization plans, disputes over discharge, and

innumerable other proceedings, would all lend themselves to claims of malicious prosecution. Those possibilities might gravely affect the already complicated processes of the bankruptcy court." (*MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d at p. 914.) And, it added, ". . . the opportunities for asserting malicious prosecution claims would only be limited by the fertility of the pleader's mind and by the laws of the state in which the proceeding took place." (*Ibid.*)

In language bearing little risk of misinterpretation, the *MSR Exploration* court stated, "[T]he highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors also *underscore the need to jealously guard the bankruptcy process from even slight incursions and disruptions brought about by state malicious prosecution actions.* To put it another way, the problem here is not only one of state courts deciding issues of federal law in one manner or another. That is not an entirely unique situation, even when uniformity is required. [Citation.] The difficulty here goes much deeper. It is a question of state courts, in effect, interfering with the whole complex, reticulated bankruptcy process itself." (*MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d at p. 914, italics added.)

Finally, there is *Pauletto* v. *Reliance Ins. Co., supra,* 64 Cal.App.4th 597, in which the debtors filed a voluntary chapter 7 bankruptcy proceeding. In response, the creditors filed an adversary proceeding seeking a ruling of nondischargeability of some $5 million because the debtors allegedly obtained the money fraudulently. The debtors prevailed, then filed their malicious prosecution/abuse of process action in the state court. The court sustained the creditors' demurrer without leave to amend, inter alia, for lack of jurisdiction.[5]

Affirming, the *Pauletto* court discussed all of the decisions set forth here, and an additional one,[6] and decided they constituted "[s]ubstantial case authority compel[ling] [the court] to conclude the Paulettos' malicious prosecution claim is implicitly preempted by federal bankruptcy law . . . ." (*Pauletto* v. *Reliance Ins. Co., supra,* 64 Cal.App.4th at p. 600.) The court stated, "The line of cases we follow from *Gonzales* to *MSR Exploration, Ltd.* make it clear that *no authorized bankruptcy proceeding can properly support a state-law claim for malicious prosecution or abuse of process.* Such state-law tort claims impermissibly intrude upon exclusive federal authority over bankruptcy proceedings and threaten the uniformity of federal bankruptcy

[5]The *Pauletto* appellants conceded their abuse of process claim was barred by the litigation privilege of Civil Code section 47, subdivision (b). (*Pauletto* v. *Reliance Ins. Co., supra,* 64 Cal.App.4th at p. 600, fn. 3.)

[6]*Koffman* v. *Osteoimplant Technology, Inc.* (Bankr. D.Md. 1995) 182 B.R. 115.

law *regardless of the nature of the underlying proceeding."* (*Pauletto* v. *Reliance Ins. Co., supra,* 64 Cal.App.4th at pp. 605-606, italics added.) Echoing the *MSR Exploration* court's "reject[ion of] 'a world where the specter of additional litigation must haunt virtually every actor in a bankruptcy proceeding' " (*id.* at p. 606), the *Pauletto* court concluded, "A party aggrieved by bad faith and malicious filings in bankruptcy court is limited to the remedies provided by the [f]ederal Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Accordingly, the Paulettos' cause of action for malicious prosecution is preempted by federal law." (*Ibid.*)

Saks cites no cases contradicting these formidable authorities. He simply contends they present no obstacle. He argues *his* case is in state court and raises only state tort claims, therefore it is not preempted. Since that is *exactly* the context of *Gene R. Smith Corp., Idell* and *Pauletto*, the argument is puzzling at best, frivolous at worst.

Saks claims even if the bankruptcy court has jurisdiction, it is merely concurrent with that of the state court because this is not a bankruptcy "case," but a civil proceeding "arising in," "arising under" or "related to" a bankruptcy case. (28 U.S.C. § 1334(b).) Therefore, according to Saks, preemption does not apply. The *Pauletto* court rejected a similar argument in a somewhat different context.[7] It stated, "Assuming arguendo the Paulettos' jurisdictional analysis is correct, we do not view their inability to prosecute their malicious prosecution claim in bankruptcy court as a basis to conclude it is not preempted by federal bankruptcy law. *The essential preemption question is not whether the particular state-law remedy the Paulettos seek could be obtained in bankruptcy court, but whether the availability of other remedies under the federal scheme precludes their pursuit of a state-law remedy outside the bankruptcy system."* (*Pauletto* v. *Reliance Ins. Co., supra,* 64 Cal.App.4th at p. 606, fn. 6, italics added.)

Arguing on, Saks contends the cases are distinguishable because here, the *creditors* filed the bankruptcy petition and the adversary proceedings. Saks forgets defendants were debtors in the chapter 11 petition. But in any event, the *MSR Exploration, Ltd.* court found it irrelevant whether the alleged misuser of the bankruptcy proceeding is a debtor or creditor. Under the reasoning of *Gonzales*, it stated, "Here, too, there is the threat that the exclusive jurisdiction of the bankruptcy court will be invaded and that uniformity will be undercut. A creditor's claim may be unmeritorious, but

---

[7]In *Pauletto*, the creditors sought a ruling of nondischargeability of a $5 million debt. Here, the defendants sought to recover a debt of $1.5 million. We fail to discern a legitimate basis for reaching different results in the two scenarios. In the final analysis, it is for the bankruptcy court to determine whether adversary proceedings are wrongfully filed or prosecuted.

then so too might a debtor's petition. . . . [W]hile a creditor's claim cannot be said to be solely defensive in nature, it does have that flavor to some extent. The threat of later state litigation may well interfere with the filings of claims by creditors and with other necessary actions that they, and others, must or might take within the confines of the bankruptcy process. *Whether creditors should be deterred, and when, is a matter unique to the flow of the bankruptcy process itself—a matter solely within the hands of the federal courts. . . .* Bankruptcy law does not exist solely for debtors. It is also for the benefit of creditors; it gives them a single forum where debts and priorities can be determined in an orderly manner . . . ." (*MSR Exploration, Ltd., v. Meridian Oil, Inc., supra,* 74 F.3d at p. 916, italics added.)

Not to be deterred, Saks argues the defendant creditors did not *need* to go into bankruptcy court and file an adversary proceeding: Instead, they could have pursued California's equivalents of their fraudulent conveyance/preferential transfer claims in state court. Assuming such to be the case, so what? Having filed their petition for chapter 11 bankruptcy, the defendants were free to attempt to resolve all related issues of debts and priorities in an orderly manner, i.e., in the adversary proceeding in bankruptcy court. (See, e.g., *MSR Exploration, Ltd., v. Meridian Oil, Inc., supra,* 74 F.3d at p. 916 [it is impermissible for the state court to "interfere with the filings of claims by creditors and with other necessary actions that they . . . *must or might take* within the confines of the bankruptcy process." (Italics added.)].)[8]

## CONCLUSION

The gist of Saks's complaint is that the defendants misused the bankruptcy process by filing the adversary proceeding. He had remedies available in the bankruptcy court.[9] Like the plaintiff in *MSR Exploration, Ltd.,* he chose not to invoke them. That was a mistake: Parties may not avail themselves of

[8]We relegate to a footnote Saks's argument the defendants' alleged misuse of the state's attachment mechanisms should be decided by a state court in a state action. What happened was that defendants filed, in bankruptcy court, an ex parte application for a right to attach order, a temporary protective order, and an order for the issuance of a writ of attachment. The bankruptcy judge found Altamirco had satisfied the requirements of Code of Civil Procedure section 485.220 and had established the probable validity of the claims upon which the attachment was based. It further found the attachment order was not sought for a purpose other than recovery under the claim giving rise to the attachment. It therefore granted the attachment as to the disputed $1.5 million loan. This fortuitous example does *not* advance Saks's theory about state court jurisdiction: Rather, it bears out the *MSR Exploration, Ltd.* court's cautionary observation that "the opportunities for asserting malicious prosecution claims [are] only limited by the fertility of the pleader's mind and by the laws of the state in which the proceeding took place." (*MSR Exploration, Ltd. v. Meridian Oil, Inc., supra,* 74 F.3d at p. 914.)

[9]Inter alia, those remedies include: Federal Rules of Bankruptcy Procedure, rule 9011 (11 U.S.C.), prohibiting frivolous and harassing filings; section 105(a), giving the bankruptcy

state court tort remedies to circumvent federal remedies for their opponents' alleged misuse of the bankruptcy process.

We conclude, as did the court in *Gene R. Smith Corp.* v. *Terry's Tractor, Inc., supra,* 209 Cal.App.3d 951, 953, "*Gonzales* correctly states the considerations controlling our review . . . ." On the basis of those considerations and others articulated in the cases we have discussed, we hold Saks's action for malicious prosecution and abuse of process "is completely preempted by the structure and purpose of the Bankruptcy Code." (*MSR Exploration, Ltd.* v. *Meridian Oil, Inc., supra,* 74 F.3d at p. 916.) It was properly dismissed for lack of subject matter jurisdiction.

The judgment is affirmed. Defendants shall recover their costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied November 30, 1998, and the opinion was modified to read as printed above. The petition of appellant Lawrence Saks for review by the Supreme Court was denied January 27, 1999.

---

court authority to prevent abuse of process; section 707(b), providing for dismissal on grounds of substantial abuse; sections 930 and 1112, allowing dismissal under chapters 9 and 11, respectively, of the United States Bankrupty Code.