[No. B146180. Second Dist., Div. Four. Jan. 23, 2002.]

HAROLD L. ROSS, Plaintiff and Appellant, v.
UNIVERSAL STUDIOS CREDIT UNION, Defendant and Respondent.

538

## COUNSEL

Thomas N. Thomson for Plaintiff and Appellant.

Shapero, Shapero & Hurst, Martin M. Shapero, Steven J. Shapero and E. Rich Hurst for Defendant and Respondent.

## OPINION

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

Harold L. Ross appeals from an order of dismissal after the trial court sustained without leave to amend the demurrer of Universal Studios Credit Union on the ground that the court lacked jurisdiction. Ross's complaint alleged causes of action for malicious prosecution and abuse of process based on Universal's filing a complaint in the United States Bankruptcy Court to bar Ross's discharge in bankruptcy. Because Ross's claims arise from a federal bankruptcy proceeding, federal law preempts them. We affirm.

### FACTUAL AND PROCEDURAL SUMMARY

For the purpose of determining the merits of a demurrer, the material facts alleged in the complaint are deemed admitted. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)

Ross alleged that on May 3, 1994, Universal had a judgment entered in its favor and against him for money due on a note. In September 1994, Ross filed for bankruptcy under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. Universal filed a complaint in the bankruptcy proceedings requesting a determination that its 1994 judgment against Ross be declared nondischargeable pursuant to 11 United States Code section 523(d).[1]

Universal's complaint was tried in 1996. The bankruptcy court granted judgment in favor of Ross and declined to declare Universal's claim nondischargeable. Universal appealed to the Bankruptcy Appellate Panel and the United States Court of Appeal, Ninth Circuit, failing in both appeals to obtain a reversal of the bankruptcy court judgment.

Ross filed the present action in the state court against Universal alleging causes of action for malicious prosecution and abuse of process predicated on the final judgment of the bankruptcy court declaring that Universal's judgment is dischargeable. The complaint also includes the requisite allegations of malice and lack of probable cause and abuse of the "processes of the Bankruptcy Court, Bankruptcy Appellate Panel and Ninth Circuit." Universal filed a demurrer on the grounds that the court has no jurisdiction of the subject matter of the cause of action and "The bankruptcy court has exclusive jurisdiction of the case." (Code Civ. Proc., § 430.10, subd. (a).) The trial court sustained the demurrer without leave to amend and granted Universal's oral motion to dismiss. This appeal ensued.

### DISCUSSION

As Ross candidly admits, the present matter is on all fours with *Pauletto v. Reliance Ins. Co.* (1998) 64 Cal.App.4th 597 [75 Cal.Rptr.2d 334]. In *Pauletto*, the appellants filed voluntary chapter 7 bankruptcy proceedings in the United States Bankruptcy Court. Their sureties filed an adversary proceeding pursuant to section 523(a)(2) for a determination that the Paulettos' $5 million indebtedness to them was not dischargeable. The bankruptcy court entered judgment in favor of the Paulettos, declaring the debt was dischargeable. Thereafter, the Paulettos filed an action in the state court for malicious prosecution and abuse of process against their sureties and their attorneys based on the favorable determination they obtained in the bankruptcy court. The defendants demurred on the grounds that the superior court lacked subject matter jurisdiction over the Paulettos' causes of action

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 United States Code sections 101-1330 and to the Bankruptcy Rules and Official Forms.

because federal bankruptcy law preempts them. The demurrer was sustained without leave to amend. The Court of Appeal affirmed in the following terms:

"Applying the reasoning of *Gonzales* [*v. Parks* (9th Cir. 1987) 830 F.2d 1033, 1035], this court in *Gene R. Smith Corp.* v. *Terry's Tractor, Inc.* (1989) 209 Cal.App.3d 951, 952-953 [257 Cal.Rptr. 598], held that federal law preempted a debtor's state court action for abuse of process and malicious prosecution based on the creditor-defendants' allegedly malicious prosecution of an involuntary bankruptcy petition. The court in *Gene R. Smith Corp.* noted that section 303(i) 'permits the bankruptcy court on dismissal of a petition to award a debtor costs, reasonable attorney's fees and any damages proximately caused by the taking of the debtor's property. If the involuntary petition is filed in bad faith the bankruptcy court has the additional power to award damages proximately caused by such filing and punitive damages. [¶] This provision reflects Congress's intent that the case-by-case development of law relating to "bad faith" in this context should be accomplished in federal courts and not in state courts. The parties make no effort to distinguish the difference, if any, between conduct constituting "bad faith" and "malicious prosecution" treating both as virtually identical. On that assumption, it would indeed be anomalous and, to say the least, inconsistent with this legislative intent for state courts to develop a different, more liberal definition of "bad faith" for malicious prosecution purposes than that developed in the federal system. Different standards defining identical conduct adds an unnecessary and confusing component to the uniform law to be applied in bankruptcy proceedings. The additional risk that substantial damage awards in state courts would create a material disincentive to those seeking to use the bankruptcy laws only exacerbates the problem. The determination of damages in state courts should not determine the potential cost of entry into the federal bankruptcy system.' (*Gene R. Smith Corp., supra,* at pp. 954-955.)

"In *Idell* v. *Goodman* (1990) 224 Cal.App.3d 262, 265-266 [273 Cal.Rptr. 605], the plaintiff filed a voluntary chapter 7 bankruptcy proceeding. After the plaintiff's creditors brought an unsuccessful adversary proceeding in bankruptcy court under section 727(a), alleging the plaintiff's debts should not be discharged, the plaintiff sued defendants in state court for malicious prosecution. (*Idell, supra,* at pp. 265-266.) One of the defendants demurred to the complaint on the grounds (1) a malicious prosecution claim cannot be based on a section 727 adversary proceeding because the proceeding is purely defensive and (2) the plaintiff's claim was preempted by federal bankruptcy law. The trial court sustained the demurrer without leave to amend on the ground a section 727 proceeding is defensive in nature and

therefore cannot form the basis for an action for malicious prosecution. (*Idell, supra,* at p. 268.) The Court of Appeal affirmed the judgment on both grounds.

"Regarding federal preemption, *Idell* concluded that *Gene R. Smith Corp.*'s reasoning applies equally where 'a debtor who has filed a bankruptcy petition claims that his or her creditors improperly objected to a discharge of the debtor's fiscal obligations.' (*Idell* v. *Goodman, supra,* 224 Cal.App.3d at p. 270.) *Idell* noted that although Congress has not provided a specific statutory remedy for the bad faith filing of a section 727 adversary proceeding, a federal remedy for such a bad faith filing is available in the form of sanctions under the Federal Rules of Bankruptcy Procedure, rule 9011 (11 U.S.C.) and title 28 of the United States Code, section 1927. (*Idell, supra,* at p. 270.) Thus, *Idell* concluded the malicious prosecution action was preempted by federal law because '. . . the filing of a section 727 adversary proceeding to block the discharge of debts in bankruptcy is within the exclusive jurisdiction of the federal courts, and because sanctions are available to debtors when section 727 proceedings are filed in bad faith . . . .' (*Idell, supra,* at p. 271.) *Idell* added: 'In this respect, the reasoning of *Gonzales* bears repeating. The existence of federal sanctions for the filing of frivolous and malicious bankruptcy pleadings must be read as an implicit rejection of state court remedies. The mere possibility of being sued in tort in state court, with the potential for substantial damage awards, could deter persons from exercising their rights in bankruptcy. Thus, it is for Congress and the federal courts, not state courts, to decide what incentives and penalties shall be utilized in the bankruptcy process.' (*Ibid.*)" (*Pauletto v. Reliance Ins. Co., supra,* 64 Cal.App.4th at pp. 601-602, fn. omitted.)

There is simply no doubt that federal bankruptcy law preempts Ross's claims. In *Saks v. Parilla, Hubbard & Militzok* (1998) 67 Cal.App.4th 565 [79 Cal.Rptr.2d 120], an individual was sued in the bankruptcy court by a chapter 11 debtor to recover a claim for the benefit of the bankruptcy estate. The individual prevailed and then sued the debtor, its general partners and their attorneys for malicious prosecution and abuse process in state court. The trial court granted the defendants' motion for judgment on the pleadings for lack of subject matter jurisdiction. Affirming, the Court of Appeal drove home the point that malicious prosecution and abuse of process claims premised on a prior bankruptcy proceeding are preempted by federal bankruptcy law. "The Ninth Circuit Court of Appeals spoke to the issue again in *MSR Exploration, Ltd.* v. *Meridian Oil, Inc.* [(9th Cir. 1996)] 74 F.3d 910. The debtor's state tort cause of action for malicious prosecution was asserted in the federal district court, based on the creditor's disallowed objections in a bankruptcy proceeding. The district court found it lacked jurisdiction to

hear the matter. Affirming, the reviewing court held, 'MSR's malicious prosecution action against [the creditors] is completely preempted by the structure and purpose of the Bankruptcy Code. Therefore, MSR's purported action must, in fact, be a federal claim. That claim, however should have been brought in the bankruptcy court itself, and not as a separate action in the district court.' [¶] Explaining that the 'major issue in this case is *whether state malicious prosecution actions for events taking place within the bankruptcy court proceedings are completely preempted by federal law*,' . . . the court reasoned bankruptcy matters must remain in the federal forum for several reasons: (1) Congress 'plac[ed] bankruptcy jurisdiction exclusively in the district courts as an initial matter' . . . ; (2) Congress, by enacting the bankruptcy Code, 'create[d] a whole system under federal control . . . designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike' . . . ; (3) bankruptcy law, ' "intimately connected with the regulation of commerce," ' requires uniformity; and (4) there are a myriad of remedies within the bankruptcy laws[] designed by Congress 'to preclude the misuse of the bankruptcy process.' " (*Saks, supra,* 67 Cal.App.4th at p. 570, citations omitted.)

Ross contends that *Pauletto* is "simply wrong." The premise for this assertion is that Pauletto relied on *Idell v. Goodman, supra,* 224 Cal.App.3d 262, coupled with the bald assertion that the *Idell* court's analysis is "quite weak and not compelling." It is worth noting that Ross's criticism of *Idell v. Goodman* is not shared. In *MSR Exploration, Ltd. v. Meridian Oil, Inc., supra,* 74 F.3d 910, 914, Judge Fernandez, writing for a unanimous panel, included the *Idell* case among the "possibilities [that] might gravely affect the already complicated processes of the bankruptcy court."

In substance, the preemption of state court claims rests upon the premise that the Bankruptcy Code provides adequate remedies for the resolution of any abuse that may occur in such proceeding and that the jurisdiction of the bankruptcy court would otherwise be undercut. This is demonstrated in the context of the complained of acts in the present matter. Ross's claim turns on the fact that he prevailed against Universal's complaint for a determination of nondischargeability. It is his contention that he cannot be denied a jury trial and the opportunity to recover damages according to state law. He is wrong. Because his remedy is limited to such satisfaction afforded to him in the bankruptcy court, he is not entitled to a jury. (*Gene R. Smith Corp. v. Terry's Tractor, Inc., supra,* 209 Cal.App.3d 951, 955-956.)[2] Ross chose not to invoke the remedies available to him in the bankruptcy court and he may not circumvent them by filing a malicious prosecution action in state court.

___

[2]Ross's remedies include Federal Rules of Bankruptcy, rule 9011 (11 U.S.C.), which prohibits frivolous and harassing filings.

## Disposition

The judgment (order of dismissal) is affirmed.

Epstein, J., and Hastings, J., concurred.